## Henderson Mining & Manufacturing Co., et al. v. Cimini.

(Decided June 20, 1919.)

### Appeal from Henderson Circuit Court.

1. **Warehousemen—Liabilities—Negligence—Sufficiency of Evidence.**
   —In an action against a warehouseman to recover damages for

injury to apples while in cold storage, evidence, that the apples were sound and properly packed when delivered, that the temperature in the cold storage room was permitted to vary and to become too high, and that when the apples were returned they were soft and rotten as the result of cold storage scald, was sufficient to take the case to the jury and to sustain a verdict in favor of the plaintiff.

2.  Trial—Instructions—Duty of Warehousemen.—In an action to recover for injury to apples placed in cold storage, an instruction, telling the jury that it was the duty of the defendants "to use ordinary care to keep said room in such a condition as would reasonably keep and preserve said apples stored therein," held not objectionable on the ground that it made the defendants insurers.

3.  Appeal and Error—Warehousemen—Negligence—Trial—Instructions.—In an action against a warehouseman to recover for injury to apples placed in a cold storage plant, an instruction, authorizing a recovery for improper construction, was not prejudicial on the ground that there was no evidence to support it, where all the evidence bore on the question, whether the storage room was properly or improperly conducted.

4.  Warehousemen—Damages—Measure—Injury to Perishable Property.—In an action against a warehouseman for injury to apples placed in a cold storage plant, the measure of damages is the market value of the apples in good condition at the termination of the bailment, and their value in the damaged condition, although the bailment was continued after knowledge that damage had occurred.

5.  Trial—Instructions.—In an action against a warehouseman to recover for injury to apples placed in cold storage, an instruction on compromise was properly refused where there was no evidence to support it.

VANCE & HEILBRONNER and DORSEY & DORSEY for appellants.

WOODWARD & DIXON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the fall of 1915 appellee delivered to appellants 1,148 barrels of apples, to be kept in cold storage. When the apples were removed, most of them were worthless, and appellee brought this suit to recover damages in the sum of $4,592.00. From a verdict and judgment in his favor for $2,000.00 this appeal is prosecuted.

It is first insisted that the evidence was not sufficient to authorize the submission of the case to the jury under

the rule that where the case is one of negligence or no negligence, and the evidence is equally consistent with either, the party, upon whom the burden of proving the negligence rests, 'must fail. In this connection it is argued that it was impossible for the jury to tell whether the injury to the apples was due to improper temperature, or to the condition of the apples. We find, however, that plaintiff showed by several witnesses that the apples were sound and properly packed when delivered to the defendants, that the temperature in the cold storage plant was permitted to vary and to become too high, and that when the apples were withdrawn, they were soft, rotten and practically worthless as the result of cold storage scald.

Notwithstanding the fact that defendants' evidence tended to show that the proper temperature was maintained, and that other apples, that had been properly packed, were not injured, we conclude that the evidence for plaintiff was sufficient to take the case to the jury and to sustain the verdict.

Another contention is that instruction No. 1 made the defendants insurers. There is no merit in this contention. The jury was merely told that it was the duty of the defendants "to use ordinary care to keep said room in such a condition as would reasonably keep and preserve said apples stored therein," thus giving effect to the rule that cold storage warehousemen are not insurers, but are required only to exercise ordinary care.

Another error relied on is that a recovery was authorized for improper construction, when there was no evidence tending to show that the room was not properly constructed. We do not regard the submission of this issue as prejudicial in view of the fact that practically all the evidence bore on the question, whether the storage room was properly or improperly conducted.

It is further claimed that the measure of damages was incorrect, it being insisted that the proper measure of damages was the difference between the market value of the apples just before the injury and their market value just after the injury. If this rule were applied to perishable property, it would be practically impossible to determine the amount of damage. Hence, the termination of the bailment is the usual time for fixing the damages, and the measure of damage is the difference be-

tween the market value of the property at that time in good condition and its market value in the damaged condition, although the bailment was continued after knowledge that damage had occurred. Holt Ice, etc. v. Arthur Jordon & Co., 25 Ind. App. 314, 56 N. E. 575; Patterson v. Wenatchee Canning Co., 53 Wash. 155, 101 Pac. 721. Since the instruction on the measure of damages conforms to this view of the law, it follows that the instruction was correct.

Complaint is also made of the rejection of the following instruction:

"The court instructs the jury that if they believe from the evidence that the defendants or any of them, on account of the damage claimed to plaintiff's apples stored in cold storage as asserted by him herein, and as a waiver thereof by plaintiff, agreed to pay a smaller charge on said apples, you will find for the defendants."

Fairly considered, the evidence did not show that plaintiff, in consideration of a reduction of the storage account, agreed to compromise his claim for damages. That being true, there was no error in refusing the offered instruction.

Other errors are relied on, but we do not deem them of sufficient importance to merit further discussion.

Judgment affirmed.