314

**TEXAS NAT. BANK OF BEAUMONT et al.
v. ANGELO et al.**

No. 3032.

Court of Civil Appeals of Texas. Beaumont.

Feb. 17, 1937.

Rehearing Denied March 10, 1937.

J. L. C. McFaddin, Geo. A. Weller, and E. L. Nall, all of Beaumont, for appellants.

F. S. Jones and W. R. Blain, both of Beaumont, for appellees.

O'QUINN, Justice.

Mrs. Annie M. Angelo, joined pro forma by her husband, Mike Angelo, brought this suit in the Fifty-Eighth district court of Jefferson county, Tex., against the Texas National Bank of Beaumont, Tex., its attorneys, and W. W. Richardson, sheriff of Jefferson county, to enjoin them from selling certain real estate situated in the city of Beaumont, Jefferson county, levied upon by the sheriff as the property of Mike Angelo, under an execution issued on a judgment recovered in the county court at law of Jefferson county by said bank against Mike Angelo. The plaintiff Mrs. Annie M. Angelo based her right to injunctive relief on the ground that the property levied upon was her separate property, and did not belong to her husband, Mike Angelo, and that the sale of said property would cast a cloud upon her title.

The defendant bank answered by general demurrer, special exceptions, general denial, and specially the facts showing the basis for its judgment, and the rendition of the jugment by reason of which the execution was issued and levied upon the lots in question, and further that Mrs. Angelo claimed the property under a conveyance from her husband, Mike Angelo, which said conveyance rendered him without property and insolvent; that at the time of and prior to the said conveyance it was a creditor of said Mike Angelo; that the consideration for said conveyance was almost wholly love and affection not deemed valuable in law and therefore void; that the property was community property and subject to its debt and judgment; and that the temporary injunction which had been granted should be dissolved and the relief sought by appellees should be denied. The defendant bank by cross-action pleaded over against appellee and prayed for appropriate relief. The other defendants filed appropriate answers.

The case was tried to a jury upon special issues, in answer to which they found: (a) That the sum of $624 paid by Annie M. Angelo for the property conveyed to her by her husband, Mike Angelo, was paid out of her separate means; (b) that said amount was a fair consideration for the property, taking into consideration the facts and circumstances in evidence surrounding the transaction; and (c) that the levy made upon the property was an excessive levy. On the answers of the jury, judgment was entered making the injunction permanent. Judgment was also entered denying appellant bank relief on its cross action. We have the case for review.

■ Appellant bank objected and excepted to the court's charge because it did not submit to the jury an issue as to whether or not Mike Angelo conveyed his property to his wife for the purpose of hindering, delaying, and defrauding his creditors. This objection was overruled. Appellant then prepared in writing an issue submitting this question to the jury and requested the court to submit same. This was refused. The issue was pleaded and the evidence raised the issue, and its refusal was error. As the case will be reversed and remanded for another trial, we will not discuss the evidence, but will say that the deed from Mike Angelo to his wife conveyed all the property he had, and that at the time he was indebted to the bank.

Appellant bank objected to the charge for the further reason that it did not submit an issue to the jury that Mrs. Angelo, at the time her husband conveyed the property to her, under the facts and circumstances known to her, knew that her husband was conveying the property to her for the purpose of hindering, delaying, and defrauding his creditors, and this objection was overruled. Appellant bank then prepared an issue in writing submitting this issue to the jury and requested the court to submit same. This was refused. The pleadings and the evidence raised this issue, and its refusal was error.

We sustain appellants' assignment that the verdict of the jury that $624, the consideration paid by Mrs. Angelo for the property, was a fair consideration for same, is without support in the evidence. It is not only not supported by the evidence, but is in the face of the uncontradicted evidence. As the case will have to be tried again, we will not comment on the evidence relative to same.

■ We think it proper to add that the deed from Mike Angelo to Mrs. Angelo recited a consideration of $624 cash, and love and affection, for the property. The evidence disclosed that there were several pieces of the property (lots in the city) which were improved, most of it quite substantially, and was rendered for taxes by Mike Angelo in 1932 and 1933 for more than $12,000. This included the homestead lot and house worth some $4,000. All this property except the homestead house and lot was subject to execution. Love and affection as a consideration for the conveyance of property is not deemed a valuable consideration in law.

Article 3997, R.S.1925; Rockwell Bros. & Co. v. Lee (Tex.Civ.App.) 21 S.W.(2d) 30; Hartman v. Hartman (Tex.Civ.App.) 32 S.W.(2d) 233; Kelley v. Stubblefield (Tex.Civ.App.) 26 S.W.(2d) 281; Ramsey v. Abilene Bldg. & Loan Ass'n. (Tex.Civ.App.) 57 S.W.(2d) 877; Farrell v. Comer (Tex.Civ.App.) 84 S.W.(2d) 300. So, if it be that Mike Angelo was indebted to his wife in the sum of $624, then the value of the property (exclusive of the homestead lot) over and above said sum was subject to appellants' judgment; the portion of said consideration of love and affection being void as against his creditors, he not then being possessed of other property subject to execution.

The judgment is reversed, and the cause remanded for a new trial in accordance with our holdings.

Reversed and remanded.

On Motion for Additional Findings of Fact.

As per request of appellants for additional findings of fact, we find:

(a) In due time, appellant filed request for an instructed verdict both on the plaintiff's cause of action for injunction and damages, as well as a motion for an instructed verdict in favor of plaintiff in cross-action against the defendants in cross-action.

(b) Mrs. Annie M. Angelo knew that the deed from Mike Angelo, her husband, to her included all the property which was owned by their community estate at that time.