ETHEL BOYD HARTMAN ET AL V. ALMA T. HARTMAN ET VIR.

No. 7349. Decided April 3, 1940.
Rehearing overruled January 15, 1941.
(138 S. W., 2d Series, 802.)

*Wilcox & Graves,* of Georgetown, for plaintiff in error.

There could be no cause of action in favor of plaintiff until it had been determined that A. P. Hartman, her former husband, owed her money for the support of herself and his minor children, and no cause of action could arise herein until her right to such contribution has arisen, and had suffered a wrong. Rutherford v. Carr, 99 Texas 101, 87 S. W. 815; Compton v. Perry 23 Texas 414; Houston & T. C. Ry. Co. v. Hill, 63 Texas 381.

Adverse possession does not begin to run against a claim to an interest in land until the claim matures and the person asserting such claim is in a position to enforce the same against the person who is holding the land adversely. Wilson v. Beck, 286 S. W. 315; Texas Emp. Ins. Assn. v. Guidry, 93 S. W. (2d) 509.

*Wood & Wood,* of Georgetown, for defendants in error.

A fraudulent deed can only be attacked by a previous creditor, and by a party who becomes a creditor subsequent to the making of the fraudulent deed, but who has no notice that such deed has been made, and where a creditor has no specific lien on the real estate by levy of attachment or by abstract of judgment, an attempt to have deed held void because of fraud of his debt, his action is subject to the four year statute of limitation. Lehmberg v. Biberstein, 51 Texas 457; Lewis v. Simon, 72 Texas 470, 10 S. W. 554; Perry v. Brown, 76 S. W. (2d) 230.

MR. JUDGE SLATTON delivered the opinion of the Commission of Appeals, Section B.

On February 8, 1932, Ethel Boyd Hartman obtained a judgment against A. P. Hartman in the district court of Williamson County for the sum of $1500.00 for moneys expended by her for necessaries for support of the three minor children of the said Ethel Boyd Hartman and A. P. Hartman. In June, 1935, Ethel Boyd Hartman procured a writ of garnishment upon her judgment of February 8, 1932, against the bank seeking to subject moneys in said bank appearing to the credit of Alma T. Hartman. In such garnishment proceedings it was alleged that in 1916 Ethel Boyd Hartman obtained a divorce from A. P. Hartman in the district court of Williamson County and was awarded the custody of their three minor children; that A. P. Hartman married Alma T. Hartman in 1920; that in 1926 the mother of A. P. Hartman died and devised to him by will 594 acres of land in Calhoun County, together with other property; that on May 6, 1927, A. P. Hartman conveyed said land to his second wife, Alma T. Hartman, for the sole and only purpose of avoiding his legal liability to support his said minor children; that a part of the minerals in and under said land had been sold and the proceeds thereof deposited in the Taylor bank; that because of such facts said money in the name of Alma T. Hartman was subject to the payment of the judgment against A. P. Hartman. Alma T. Hartman answered in the garnishment proceeding that the land from which the minerals had been sold belonged to her separate estate and claimed title thereto in virtue of the three and five year statutes of limitation prior to the issuance of the writ of garnishment, and also pleaded the four year statute of limitation to the claim asserted by Ethel Boyd Hartman. She made no proof of facts to support the three year statute. A trial to the court resulted in a judgment in favor of Ethel Boyd Hart-

man and against Alma T. Hartman and A. P. Hartman. The aggrieved parties appealed to the Court of Civil Appeals at Austin, Texas, and the judgment of the trial court was reversed and rendered. 109 S. W. (2d) 218. Ethel Boyd Hartman was granted writ of error.

██ The trial court in rendering judgment against Alma T. Hartman evidently determined that the conveyance from A. P. Hartman to his second·wife on May 6, 1927, was for the purpose of defrauding a future creditor, that is, to avoid his obligation to support and educate his minor children by his first wife. That such an obligation was a legal and continuing one imposed by law cannot be doubted. Gully v. Gully, 111 Texas 233, 231 S. W. 97, 15 A. L. R. 564. According to the evidence the conveyance from A. P. Hartman to his second wife was a gift and if such a gift was made with a fraudulent intent to evade future liabilities, such a conveyance is void as to subsequent creditors. Stevens v. Cobern, 109 Texas 574, 213 S. W. 923; Cole et al v. Terrell et al, 71 Texas 549, 9 S. W. 668.

█ In the case of Williams et vir v. The Pure Oil Company et al, 124 Texas 341, 78 S. W. (2d) 929, Mr. Justice Critz, speaking for the Commission, said:

"It seems to be the settled law of this State that limitation does not begin to run until the right or cause of action accrues. The right or cause of action does not exist until facts exist which authorize the person asserting the claim to seek relief in a court of competent jurisdiction from the person due to make reparation. It involves both the existence of the right, and facts sufficient to constitute a cause of action." (Citing authorities).

█ Ethel Boyd Hartman filed her suit in the district court of Williamson County against A. P. Hartman on the second day of October, 1931. This suit was to recover money which had been expended by her for the maintenance, support and education of the minor children of herself and A. P. Hartman. That she had a right to file suit against A. P. Hartman before such time does not appear in the evidence, and under the record we must assume, in support of the judgment of the trial court, that she timely filed her suit. It cannot be said that Ethel Boyd Hartman had a right to attack the fraudulent deed before her cause of action against A. P. Hartman had accrued. When her cause of action against A. P. Hartman accrued she then for the first time had a right to pursue her remedies against the property fraudulently conveyed, that is, to attack the fraudu-

lent deed or to reach the property through some species of execution. Whether the possession of the fraudulent grantee became adverse at the time Ethel Boyd Hartman's cause of action against A. P. Hartman accrued or at the time such cause of action was reduced to judgment, we need not determine, for at either time the four or five years statutes of limitation does not preclude the claim asserted by Ethel Boyd Hartman.

■ It is true that a conveyance in fraud of creditors, where recorded and the conditions of the statute are met, will support title by limitation in the grantee. Rutherford v. Carr, 99 Texas 105, 87 S. W. 815; Eckert v. Wendel, 120 Texas 618, 40 S. W. (2d) 796, 76 A. L. R. 855. But in such cases the defrauded creditors had the right to proceed against the conveyances at the time of the commencement of the adverse possession of the grantees in said deeds. Here Ethel Boyd Hartman, being a future creditor, had not the right to enforce her claim against the property fraudulently conveyed until her cause of action had accrued against A. P. Hartman. It follows, therefore, that none of the statutes of limitation pleaded by Alma T. Hartman preclude the claim asserted by Ethel Boyd Hartman.

The judgment of the Court of Civil Appeals reversing and rendering the judgment of the trial court will be reversed and the judgment of the trial court will be affirmed.

Opinion adopted by the Supreme Court April 3, 1940.

Rehearing overruled January 15, 1941.

Mr. Justice Critz disqualified and not sitting.