**TEXAS LIFE INS. CO. v. GOLDBERG et al.**

**No. 2459.**

Court of Civil Appeals of Texas. Waco.

Sept. 24, 1942.

Rehearing Denied Nov. 19, 1942.

A. D. Mabray and W. T. Phillips, both of Waco, for appellant.

Naman, Howell & Boswell, of Waco, for appellees.

HALE, Justice.

Appellant, Texas Life Insurance Company, sought in this suit to set aside two deeds from A. Goldberg to his wife and son, respectively, and to subject the properties therein described to a foreclosure of its judgment lien, on the ground that each conveyance was executed in pursuance of a conspiracy and was void as to it and appellees because fraudulent and voluntary under the provisions of Articles 3996 and 3997 of Vernon's Texas Civ.Stats. The deed to the wife was dated August 11, 1934, was filed for record November 6, 1935, recited a consideration of love, affection and ten dollars paid from the wife's separate funds, and conveyed 208 feet of ground fronting on North 5th Street in the City of Waco upon which was situated four apartment houses. The deed to the son was dated March 29, 1940, was filed for record immediately, recited a consideration of $100 and conveyed one vacant lot in the Waco Improvement Company Addition to the City of Waco. Appellees answered with a general denial and pleas that the Fifth Street property or a part thereof was homestead, that the same constituted the separate property of the wife prior to August 11, 1934, and that the action was barred by the three, four and five years statutes of limitation. By way of cross-action, Mrs. Goldberg, joined pro forma by her husband, sued appellant in trespass to try title to the Fifth Street property.

The case was tried before a jury. Upon the conclusion of the testimony, all parties moved for a peremptory instruction. The court overruled the motion of appellant and granted the motion of appellees, instructing the jury to return its verdict against appellant and in favor of Mrs. Goldberg on her cross-action. Judgment was rendered in accordance with the instructed verdict and appeal therefrom has been duly perfected. Appellant contends that the judgment should be reversed and (1) here rendered for it because its asserted right of recovery was established by the undisputed evidence, or in the alternative (2) the cause should be remanded because of the failure of the court to submit to the jury the controlling issues of fact raised by the pleadings and evidence. On the other hand, appellees contend under appropriate counter points in their brief, that (1) the court properly instructed the verdict insofar as the convey-

ance to the wife was concerned because the uncontroverted record showed (a) the equity in the Fifth Street property was the separate estate of Mrs. Goldberg by reason of gifts from her mother and (b) Mrs. Goldberg acquired and held title to said property by the three years statute of limitation; and (2) the instruction was proper insofar as the conveyance to the son was concerned because (a) the uncontroverted record showed such conveyance was upon a valuable consideration and (b) there was no evidence that such deed was executed with intent to defraud creditors.

When a case is tried to a jury it is of course the duty of the trial court to submit in charge to the jury for its determination all ultimate controlling issues of fact raised by the pleadings and tendered by the evidence. An ultimate issue may be tendered by direct evidence or by the proof of sufficient facts and circumstances to form the basis for a legal inference with respect thereto. The rule of evidence by the proof of circumstances is peculiarly applicable to most fraud cases. It is only when there is no evidence, direct or circumstantial, in support of an issue essential to a recovery, or when the evidence relating to one or more of the controlling issues is undisputed and is such that reasonable minds may not differ in the conclusions to be drawn therefrom, that the court is authorized to withdraw the case from the jurors or to direct their verdict.

In the case now before us, it was shown that on April 10, 1926, one Dr. Womack borrowed $12,500 from appellant, securing the payment of his note for that amount by a deed of trust on certain property situated on South 3rd Street in the City of Waco. On August 31, 1927, Dr. Womack conveyed the Third Street property to A. Goldberg and wife, who assumed and thereafter extended the time for the payment of the Womack note to appellant. None of the principal ever having been paid on said note, the Third Street property was sold to appellant under a non-judicial foreclosure on February 6, 1940, for the sum of $8,500. Thereafter on April 5, 1940, appellant recovered judgment against A. Goldberg on account of the unpaid principal, interest, attorney's fees and delinquent taxes accrued under the note and deed of trust aforesaid in the sum of $11,667.30, and caused an abstract of said judgment to be filed immediately with the County Clerk

of McLennan County. Execution was duly issued on said judgment, was returned nulla bona on April 26, 1940, and this suit was instituted on May 30, 1940.

One Mrs. Smith conveyed the Fifth Street property to A. Goldberg by deed dated May 27, 1921, for a consideration of $11,000, retaining therein a vendor's lien to secure the payment, among others, of four notes aggregating the principal sum of $3,500 which notes and lien were thereafter sold and assigned under date of March 19, 1925, to Mrs. Esther Adams, who was the mother of Mrs. Goldberg. On September 1, 1927, A. Goldberg and wife executed a deed of trust, which was filed for record November 19, 1930, covering the Fifth Street property, reciting therein that the same was given to secure Mrs. Adams in the payment of their note in the sum of $4,000. On March 21, 1934, Mrs. Adams executed and acknowledged a written instrument which was duly recorded, reciting that the four notes in the aggregate principal sum of $3,500 aforesaid and all interest thereon had been fully paid to her, and by reason thereof she released the lien on the Fifth Street property securing the payment of said notes, and "I, the said Esther Adams, do grant by these presents all the right, title and interest which I have and hold in and to said property by virtue of said lien to A. Goldberg and wife, Ray Goldberg, their heirs and assigns forever." On June 30, 1936, Mrs. Adams executed the usual form of release of the $4,000 note and lien, which was filed for record January 14, 1938, reciting therein that such indebtedness had been fully paid.

█ Article 3996 of Vernon's Texas Civ. Stats. provides, in effect, that every conveyance of real estate with intent to delay, hinder or defraud creditors shall, as to such creditors and purchasers for value with notice, be void. Article 3997 provides that every conveyance which is not upon consideration deemed valuable in law shall be void as to prior creditors, unless it appears that such debtor was then possessed of property within this state subject to execution sufficient to pay his existing debts. Extensive evidence was adduced upon the trial of this case tending to show the value of the assets and the amount of the corresponding liabilities of A. Goldberg at various dates and to shed light upon his motives in the execution and recordation of the several instruments affecting the title to the properties in question. While

we cannot say from the voluminous record before us that either of the conveyances complained of was void as a matter of law, we think the evidence as a whole was sufficient to tender issues of fact for the jury as to whether Mr. Goldberg was or was not insolvent on and after August 11, 1934, whether the conveyance from him to his wife was upon a valuable consideration, whether either of the conveyances was given with intent to defraud creditors and, if so, as to whether the wife or son had notice of such intent.

There was evidence tending to show that it was not advisable for either Mr. Goldberg or his wife to testify in person at the trial because of ill health. Their testimony, taken prior to the trial by depositions on written interrogatories, was introduced in evidence. They therein testified, in effect, that Mrs. Adams lived with them for a number of years prior to her death; that they borrowed $4,000 from her on September 1, 1927, and used the proceeds from the loan in part payment for the Third Street property; that they did not pay to Mrs. Adams any part of the indebtedness evidenced by the four vendor's lien notes aggregating $3,500 and the deed of trust note in the sum of $4,000; that the releases of said notes and liens as recorded in the deed records were each executed by Mrs. Adams as a gift to her daughter; that the consideration of ten dollars recited in the deed dated August 11, 1934, was not actually paid and that such conveyance was executed solely because Mrs. Adams had released the $3,500 notes and lien. They each stated in substance that they did not know why such deed or the deed of trust securing the $4,000 note or the release of this note was not promptly filed for record. Mr. Goldberg testified that when he liquidated the mercantile business which he had been conducting in the Third Street property, he did not think he would need his books any more and "I just threw them away," with the result that he could not give accurate and specific information as to his assets and liabilities at various dates about which he was interrogated. He also testified in substance that his son paid to him the consideration of $100 recited in the deed dated March 29, 1940, and that he told his son at that time the lot was worth $400. The son did not testify.

██ The jury was not required to believe the verbal testimony of Mr. and Mrs. Goldberg in preference to the written reci-

tals in the recorded releases duly executed by Mrs. Adams on March 21, 1934, and June 30, 1936, respectively. Rosenthal v. Rosenthal, Tex.Civ.App., 107 S.W.2d 641. Moreover, the intention of Mrs. Adams in executing the two releases on the Fifth Street property would not necessarily change the community status of the same, or be controlling on the intention of Mr Goldberg in the execution of either of the two deeds in controversy. If Mr. Goldberg was in fact insolvent on and at all material times after August 11, 1934, and if either of the deeds was executed upon a consideration not deemed valuable in law, or if either was given with intent to defraud creditors and the grantee had notice of such fraudulent intent, then in such event the conveyance so made was void as to the non-homestead property therein sought to be conveyed and such property was subject to appellant's judgment lien unless the action was barred by the statutes of limitation. Rutherford v. Carr, 99 Tex. 101, 87 S.W. 815; O'Banion v. Henry, 128 Tex. 59, 96 S.W.2d 233; Byrd v. Taylor, Tex.Civ.App., 40 S.W.2d 942, error dismissed; Texas National Bank of Beaumont v. Angelo, Tex.Civ.App., 102 S.W.2d 314, error dismissed.

■■ It was agreed upon the trial that there was a complete chain of title to the Fifth Street property from the sovereignty of the soil into A. Goldberg and a deed from him to his wife, all duly recorded in the deed records. We do not think, however, that the agreement or the evidence conclusively established title in Mrs. Goldberg to the Fifth Street property under the three-year statute of limitation as embraced in Articles 5507 and 5508. Adverse possession was an indispensable element in her chain of title by limitation. She and her husband each testified, in effect, that Mrs. Goldberg had been in continuous possession of the property since August 11, 1934, and that they had been living together for many years in one of the apartment houses situated on said property. Mrs. Goldberg testified that she had received the rents and revenues derived from said property from May 27, 1921, up to the date of the taking of her deposition. There was no showing of any change in the actual possession of any part of the property on or about August 11, 1934, or of any change in the method and manner of collecting the rents from the tenants who were in actual possession of portions thereof. The burden was upon Mrs. Goldberg to establish her plea of limitation. In our opinion, the evidence as a whole did not conclusively show as a matter of law that the possession held by her, if any, was adverse to that of her husband and hence the issues of fact thus tendered were properly for the jury. Hoerster v. Wilke, 138 Tex. 263, 158 S.W. 2d 288, point 3; Savage v. Rhea, Tex.Com. App., 33 S.W.2d 429, point 11; Cuniff v. Bernard Corp., Tex.Civ.App., 94 S.W.2d 577, point 4, error refused.

■ The president and other officials of appellant testified to facts tending to show that appellant had no knowledge of the execution or recording of the deed dated August 11, 1934, or notice of the insolvency, if any, of A. Goldberg, or of the material facts giving rise to its asserted cause of action until after the foreclosure sale of the Third Street property on February 6, 1940. The Supreme Court has held that insofar as the four-year statute of limitation provided for in Article 5529 is concerned, a cause of action to set aside a fraudulent conveyance does not accrue, nor does limitation begin to run, until the fraud has been discovered, or could have been discovered by the exercise of reasonable diligence. Eckert v. Wendel, 120 Tex. 618, 40 S.W.2d 796, 76 A.L.R. 855; Hartman v. Hartman, 135 Tex. 596, 138 S.W.2d 802. Therefore, the application, if any, of the four-year statute of limitation to this case was dependent upon fact issues tendered by the evidence. The five-year statute of limitation as embraced in Article 5509 was not tendered by the evidence by reason of the status of taxes.

Because we are of the opinion that the trial court erred in peremptorily instructing the jury to return their verdict against appellant and in favor of appellees, the judgment appealed from is reversed and the cause is remanded for another trial.

Rehearing denied.

TIREY, J., dissenting. For dissenting opinion, see 167 S.W.2d 270.