**HARTMAN et al. v. HARTMAN et al.**

**No. 9763.**

Court of Civil Appeals of Texas. Austin.

Feb. 9, 1949.

Rehearing Denied March 2; 1949.

Coleman Gay, of Austin, and Amos Peters, of Taylor, for appellants.

W. C. Wofford, of Taylor, and D. B. Wood, of Georgetown, for appellees.

GRAY, Justice.

This suit was brought by appellants, children of the first marriage of A. P. Hartman, deceased, against appellees, Mrs. Alma Hartman, the surviving wife of said A. P. Hartman by his second marriage, individually and as administatrix of his estate, and the five surviving children of said second marriage. The purpose of the suit is to cancel three deeds executed by A. P. Hartman, during his lifetime, conveying real estate to Alma Hartman; to recover ⅜ interest in the real estate conveyed subject to the homestead right and life interest of Alma Hartman, and for an accounting by her.

A. P. Hartman was divorced from the mother of appellants in 1916; was married to Alma Hartman in 1920, and to this marriage there was born six children, five of whom, appellees, survived A. P. Hartman who died intestate in March 1942. The real estate conveyed by the three deeds was acquired by A. P. Hartman by inheritance from his mother who died in January 1927. By two of the deeds dated May 6, 1927,

each reciting a consideration of five dollars cash paid and a further consideration of love and affection, there was conveyed to Alma Hartman four lots in the City of Taylor, Texas, and 584.8 acres of land in Calhoun County, Texas. By a third deed dated June 12, 1935, reciting a consideration of ten dollars cash paid and "other good and valuable consideration," there was conveyed to Alma Hartman two lots in the City of Taylor, Texas. Each deed recites the property conveyed shall be the separate property of Alma Hartman.

It was the contention of appellants in the trial court, and is their contention here, that said three deeds were executed by A. P. Hartman in compliance with an oral agreement made by him and Alma Hartman prior to their marriage whereby A. P. Hartman agreed with Alma Hartman that if she would marry him he would convey to her, as her separate property, all property he had or might acquire, and the said deeds are therefore void because in violation of the provisions of Articles 4610 and 4611, Vernon's Ann.Civ.Stats.

The deeds of May 6, 1927, in controversy here, have been the subject of other litigation. Hartman v. Hartman, Tex.Civ.App., 32 S.W.2d 233, and Hartman v. Hartman, 135 Tex. 596, 138 S.W.2d 802. Appellants offered as proof of the alleged oral agreement the testimony of Alma Hartman given at one of the above trials:

"Prior to my marriage with M. Hartman, he and I had an agreement with reference to what should be done with any property that would be inherited by him, either by will or by law, from his mother. He promised it all to me. Mr. Hartman's mother died in January, 1927. Prior to the death of his mother, Mr. Hartman did not own any property. After the death of his mother, Mr. Hartman inherited some property under his mother's will. Later on, he executed two deeds to me for that property. The two deeds just shown me are the deeds he executed and gave to me. * * *

"Before he married me he told me that if I would marry him and tend to him and his mother, he would deed all the property over to me. We did not put that agreement

in writing. He just promised me that when I promised to marry him. He told me that he would give me everything that he would ever get; that is, whenever he would get anything, it would be mine. As to what he said about the property which he already had, I will state that he did not have anything."

Upon a nonjury trial all prayed for relief was denied appellants.

We are not here concerned with the alleged prenuptial oral agreement so long as the same remained executory and as such was unenforcible because of Articles 4610 and 4611, V.A.C.S., but must here determine whether or not the deeds voluntarily executed and delivered are legally effective to convey the real estate described.

■ We do not think the fact that A. P. Hartman and Alma Hartman prior to their marriage in 1920, may have made a prenuptial agreement which was unenforcible would forever preclude them from resorting to some method and manner known to, and approved by, the law in dealing with their property rights. We hardly need to cite authorities in support of the statement that one spouse may by deed convey his or her separate property so as to make it the separate property of such other spouse. 23 Tex.Jur., p. 31, Sec. 19, and p. 157, Sec. 128.

■ We do not think it is of controlling importance as to when A. P. Hartman formed an intention to convey his real estate to Alma Hartman, whether before the marriage or seven and fifteen years later when the deeds were actually executed and delivered by him. Hickman v. Hickman, Tex.Civ.App., 20 S.W.2d 1073. By the voluntary execution and delivery of these deeds he conveyed separate property of which he was possessed and was lawfully authorized to convey by the means employed by him and for the purpose and consideration stated. During his lifetime he treated the deeds as having accomplished the purposes intended. Under such circumstances we do not think these deeds are included within the legislative meaning of Articles 4610 and 4611, V.A.C.S. Runge v. Freshman, Tex.Civ.App., 216 S.W. 254.

However, if we give the full import to the above-quoted testimony of Alma Hartman as is attributed it by appellants, it can not afford relief to them. Conceding the alleged oral contract was void and unenforcibile because contrary to statutory provisions, that does not mean it could not be executed by the voluntary acts of the parties by some means other than with the aid of the courts. When the contract was executed, the deeds conferred irrevocable rights on the grantee, Alma Hartman, because the action here depends on the executed deeds and not the executory contract. The aid of the courts is sought not to enforce the contract but to protect the rights conferred by the deeds. Hall v. Edwards, Tex.Com.App., 222 S.W. 167; 10 Tex.Jur., p. 232, Sec. 135.

■ It is suggested that by the holding of this court in Hartman v. Hartman, 32 S.W.2d 233, the deed to the lots in the City of Taylor was held to be fraudulent as to creditors of A. P. Hartman, and by the holding of the Commission of Appeals in Hartman v. Hartman, 135 Tex. 596, 138 S.W.2d 802, the deed to the Calhoun County land was likewise held to be a fraudulent conveyance as to future creditors, and that those opinions are of controlling importance in deciding the questions presented on this appeal. We are not in accord with this view. Though the deeds were void as to creditors, they were and are binding as between the parties and those claiming under them. Hall v. Edwards, supra; 20 Tex.Jur. 454, Sec. 94.

■ The trial court refused to require an accounting by Alma Hartman. We find in the record testimony from her to the effect that the monies on hand and reported in the inventory filed by her as administratrix had been spent, and that there was nothing in her hands to now account for. In view of the record we can not say the trial court was in error in such refusal. This, of course, is without prejudice to and does not decide the obligation imposed by law upon Alma Hartman to finally account to the probate court of Williamson County as administratrix of the estate of A. P. Hartman.

We have considered all points of alleged error presented by appellants and finding no error, the judgment of the trial court is affirmed.

Affirmed.