Edith NORRIS et vir, Appellants,

v.

Hal H. VAUGHN et al., Appellees.

No. 6485.

Court of Civil Appeals of Texas.

Amarillo.

March 21, 1955.

Rehearing Denied April 18, 1955.

died intestate. Other than her husband, Hal Vaughn, her surviving heir was the appellant, Edith Norris, her daughter by a previous marriage.

This suit was originally brought by appellant and her husband, C. R. Norris, for an accounting and to recover from Hal Vaughn the property, money and estate to which Edith Norris was entitled as Mrs. Vaughn's only heir. Trial was had and a judgment was entered and from that judgment an appeal was taken to this court as shown at 256 S.W.2d 156 in which the case on appeal was styled Norris et vir v. Vaughn. This court, in that case, opinion by Judge Lumpkin, reversed a part of the judgment and rendered a part of the judgment for Mrs. Norris and affirmed the remaining portion of the judgment. From the judgment of this court, the case was taken to the Supreme Court of Texas. The Supreme Court, at 260 S.W.2d 676, affirmed the opinion of this court in part and reversed it in part and the same was returned to the trial court for further proceedings according to the holding of the Supreme Court. After the case was returned to the trial court, additional parties were made parties defendant but we do not deem it necessary to refer to the other parties as they were associated in business with Hal Vaughn and their rights will not be in any way affected by the disposition made of this appeal.

Since Hal Vaughn owned certain properties prior to his marriage to appellant's mother on August 16, 1941 and she died intestate on May 17, 1947, the question to be determined was as to the community property of Mr. and Mrs. Vaughn and the other matters as determined by the Supreme Court. The Supreme Court in its opinion, 260 S.W.2d 676, determined what the community property was and it is res adjudicata as to that point. Since a great portion of the community property consisted of gas wells and oil and gas leases, the Supreme Court returned the case to the trial court to have determined just what appellee Vaughn was entitled to as reimbursement for the cost of

Richard H. Cocke, Dallas, for appellants.

Culton, Morgan, Britain & White and Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellees.

NORTHCUTT, Justice.

It is agreed that on August 16, 1941, the appellee, Hal H. Vaughn, married Beulah Hunsaker. On May 17, 1947, Mrs. Vaughn

drilling of the wells and payment of the proportionate share of the production, operation and management expenses and also the total gas production and sales from the wells owned by the community estate of Mr. and Mrs. Vaughn.

In the last trial of this case, from which this appeal was taken, the trial court found and decreed that this appellant have the property as decreed by the Supreme Court and then proceeded to determine the equities of the parties as the Supreme Court had reversed the case to have determined. Further making numerous findings, the court decreed that Edith Norris would recover from Hal H. Vaughn the sum of $3,411.44 but from that sum Hal H. Vaughn was entitled to reimbursement of one-half of the auditors fees in the sum of $7,262.67 and then the court decreed that all costs including auditors and accounting fees in the sum of $7,262.67 be charged equally one-half to Edith Norris and one-half to Hal Vaughn. To this action of the court both parties excepted and gave notice of appeal to this court. We are of the opinion that all the law questions presented in this appeal have already been determined in the former appeal and the only question here is whether the court reached the proper result from the figures as to cost of production, operation and management and also gas production and sales.

By appellant's first point of error, she contends that the trial court erred in allowing Hal H. Vaughn a fee of $9,000 for care and management of the McDowell and Taylor wells during the period from January 1, 1948 to January 1, 1954. The court allowed Mr. Vaughn $125 per month for caring for and managing said wells over this period of six years. The Supreme Court has already determined this point against the contention of appellant where it held the respondent, being the appellee here, was entitled to reimbursement for all sums spent out of his separate estate in drilling the wells and operating expenses spent in the production and management of the wells after drilling commenced. Appellee was not under obligation to produce

and manage the same free of charge to appellant and was entitled to a reasonable compensation for such work. White v. Smyth, 214 S.W.2d 967, by the Supreme Court.

By appellant's second point of error she complains of the court allowing appellee $1,728.70 as interest on well costs advanced by the separate estate of Hal H. Vaughn. We are of the opinion that this point has already been determined against appellant's contention as well as the case of Schluter v. Sell, Tex.Civ.App., 194 S.W. 2d 125 at page 133 where it is stated:

"It is the general rule that one who lends money to or makes advancements for another is entitled to interest, although nothing is said about interest. Parsons v. Parsons, Tex.Com.App., 284 S.W. 933; and in 40 Tex.Jur. 210, it is said that where 'one co-tenant pays taxes on property jointly owned (he) is entitled to contribution, and the state's lien for such taxes passes to him so that he has a lien on his co-tenant's interest.' Where pleaded interest is usually allowed on taxes paid by one having an interest in land from the date of payment. McDermott v. Steck Company, Tex.Civ.App., 138 S. W.2d 1106."

Appellant's points of error three, four, five and ten are as follows:

*"Point of Error No. 3*

"The trial court erred in holding that this suit was in the nature of a partition suit, in that said suit was only one for accounting.

*"Point of Error No. 4*

"The trial court erred in charging one-half the auditor's fee (one-half of $7,262.67 or $3,631.33) against appellant's recovery.

*"Point of Error No. 5*

"The trial court erred in taxing the costs against appellant in that appellant was the successful party.

**"Point of Error No. 10**

"The trial court erred in allowing the sum of $9,000.00 to Vaughn as a management fee because that earned from January 1, 1948 to June 12, 1952, was barred by the two-year statute of limitations."

These points were decided against the appellant on the former appeal of this case, 256 S.W.2d 156, and this portion of the opinion was affirmed by the Supreme Court.

Appellant's points of error six, seven, eight and nine are as follows:

**"Point of Error No. 6**

"The trial court erred in determining the amount due appellant in that the court did not account for all funds from the date of the McDowell No. 1 well, as directed by the Supreme Court.

**"Point of Error No. 7**

"The trial court erred in allowing the sum of $11,168.70 additional well costs because the same is not supported by competent evidence.

**"Point of Error No. 8**

"The trial court erred in determining appellant's share of the earnings of the Hill and Cantrell wells in that said court failed to allow income prior to May 17, 1947.

**"Point of Error No. 9**

"The trial court erred in refusing to hold that the $37,000.00 due by Pendleton and Vaughan was a community debt receivable."

Neither of these assignments present a question of law but is a matter as to what the court did or did not do and, under this record, we are unable to agree with the appellant as to what the court did in each of these matters and we overrule appellant's assignments of error six, seven, eight and nine.

■ By appellant's assignment of error eleven, she contends the court erred in refusing to file findings of fact and conclusions of law separately, to the prejudice of the appellant. The trial court did not file a separate instrument setting out the findings of fact and conclusions of law but did incorporate such findings and conclusions in his final judgment. The same point was raised on the former appeal of this case and the court overruled the same. In 256 S.W.2d 156 at page 161, it is held the findings and conclusions set out in the judgment were sufficient and was affirmed on this point by the Supreme Court. In the case of Stahl v. Westerman, Tex.Civ.App., 250 S.W.2d 325 at page 326, the court stated:

"Trial was to the court without a jury. Request was made for findings of fact and conclusions of law. These were filed, but, instead of being incorporated in a separate instrument as is the preferable practice under the Texas Rules of Civil Procedure, such findings and conclusions were set forth as recitations in the judgment appealed from. We shall treat these recitations as findings and conclusions filed in accordance with Rule 296."

All of appellant's assignments of error are overruled.

As to appellees cross-assignment of error contending the trial court erred in failing to reimburse the separate estate of Hal H. Vaughn the sum of $11,948.91 advanced by such separate estate for drilling costs of the McDowell Well No. 8 and the D'Arcy-McDowell Well No. 2, we overrule the same as we are of the opinion that the trial court has correctly determined the interests of all the parties herein under the record of this case. Judgment of the trial court is affirmed.