Elizabeth L. COX et al., Appellants,

v.

Leland DAVISON et al., Appellees.

Jake L. HAMON et al., Appellants,

v.

Leland DAVISON et al., Appellees.

Nos. 3939, 3940.

Court of Civil Appeals of Texas.

Eastland.

Nov. 27, 1964.

Rehearing Denied Jan. 8, 1965.

Stubbeman, McRae, Sealy & Laughlin, Tom B. Sealy and William B. Browder, Midland, for appellants.

Garland Casebier, Frank Ashby, Midland, for appellees.

GRISSOM, Chief Justice.

In both of the above cases the plaintiffs Leland Davison et al, sued the respective appellants for an accounting. The plaintiffs own $^{28}/_{32}$ of $^{13}/_{16}$ leasehold working interest in certain land under an oil and gas lease from persons other than defendants and defendants own $^{3}/_{32}$ of the oil and gas produced from said land.

Plaintiffs wanted to drill for oil but defendants refused to participate. Plaintiffs drilled and obtained 16 producing oil and gas wells. The right of the plaintiffs to withhold from the defendants' portion of the proceeds of the oil and gas produced the expenses incurred in drilling and producing it is not disputed. The only question is whether plaintiffs had the right to collect 6% interest on defendants' proportionate part of the money advanced by plaintiffs to pay for producing and selling said minerals. The trial court held plain-

tiffs were entitled to recover interest as a part of the reasonable cost of producing and selling. The defendants in both cases have appealed.

■ We think the court correctly permitted recovery of interest. The general rule, which we think is applicable here, is stated in 27 A.L.R.2d 1274 as follows:

"Payment by a cotenant of land of some charge thereon, such as taxes, has been held to entitle such payor to contribution from the other cotenants to the extent of their proportionate share of the charge paid, together with interest on such share at the legal rate."

Our conclusion is supported by the following authorities: Schluter v. Sell, Tex. Civ.App., 194 S.W.2d 125, 133; Norris v. Vaughn, Tex.Civ.App., 278 S.W.2d 582, 584; Gray v. Laketon Wheat Growers, Inc., Tex.Civ.App., 240 S.W.2d 353, 356; Knesek v. Muzny, 191 Okl. 332, 129 P.2d 853, 855; Winn v. Winn, 131 Neb. 650, 269 N.W. 376, 379; Reed v. Henson, 158 Miss. 224, 130 So. 108, 110; 51 A.L.R.2d 465.

■ Appellants and appellees were cotenants. Appellees had the right to go upon the premises and drill for and produce oil without the joinder of appellants. Upon obtaining production they had the right to reimburse themselves from the part of the oil produced attributable to appellants' interest the reasonable cost of its production. 5 A.L.R.2d 1386. Moody v. Wagner, 167 Okl. 99, 23 P.2d 633. Both reason and authority support the holding that appellees were entitled to interest at the legal rate on the money advanced by them to obtain the production and sale of appellants' proportionate share of the oil, as a part of the cost thereof.

■ We also approve the holding that appellees' right to collect interest only from the proceeds of oil attributable to appellants' share was not barred by the statutes of limitation. Appellants were not personally liable therefor. They owed no debt

within the meaning of the limitation statutes. The cost of production is to be recouped only out of the proceeds of oil attributable to defendants' interest after its production. The judgment here so provides. Humble Oil & Refining Company v. Andrews, Tex.Civ.App., 285 S.W. 894, 896, (WR); Cockburn v. Irvin, Tex.Civ.App., 88 S.W.2d 747 (Dis.W.O.J.); Hartman v. Hartman, 135 Tex. 596, 138 S.W.2d 802, 803; Linkenhoger v. American Fidelity & Casualty Co., 152 Tex. 534, 260 S.W.2d 884, 885; Hansen v. Hidalgo and Cameron Counties Water Control and Improvement District Number Nine, Tex.Civ.App., 319 S.W.2d 765; Puretex Lemon Juice, Inc. v. S. Riekes & Sons, Tex.Civ.App., 351 S.W. 2d 119, 121 (Ref.N.R.E.); 27 A.L.R.2d 1268 et seq.; 51 A.L.R.2d 465.

All of appellants' points have been considered and are overruled. The judgments are affirmed.