Helon HARRIS, Executrix of the Estate of
Jewel Royal, Deceased, et al., Appellant,

v.

J. C. ROYAL, Appellee.

No. 4828.

Court of Civil Appeals of Texas.

Waco.

Sept. 25, 1969.

Rehearing Denied Oct. 23, 1969.

George H. Brooks, Meridian, C. O.
McMillan, Stephenville, for appellant.

H. J. Cureton, Jr., Meridian, Dunnam,
Dunnam & Dunnam, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment de-
creeing J. C. Royal an equitable charge
and lien in the sum of $5625. on Lot 3,
Block 13 in Meridian, Bosque County,
Texas.

J. C. Royal, plaintiff, filed this suit
against the Independent Executrix of the
Estate of Jewel Royal, deceased, alleging
that he was married to Jewel Royal from
1937 until her death in 1966; that on
August 14, 1961 Jewel Royal purchased
Lot 3, Block 13 in the City of Meridian;
that such lot was vacant and unimproved;
that thereafter he and Jewel expended
$14,000 community funds erecting a house
on such lot; that such enhanced the value
of the lot $13,250; that the community
estate of J. C. and Jewel Royal is entitled
to an equitable lien for reimbursement for
improvements made, and that he is en-
titled to a community one half of such
lien.

Mrs. Lillie B. Greenwade, mother of
Jewel Royal intervened alleging she was
devised such property by the will of Jewel
Royal, and denied that any community
funds of J. C. and Jewel Royal were ex-

pended improving the property. The Independent Executrix of Jewel Royal's Estate answered that any community interest of J. C. Royal, was a gift to Jewel Royal. Mrs. Greenwade and the Executrix both prayed that plaintiff take nothing.

Trial was to a jury which found:

1) The home built by J. C. Royal on the lot deeded to Jewel Royal (Lot 3, Block 13, City of Meridian) was built solely with funds from the community property of J. C. and Jewel Royal.

2) The building of said home on said lot enhanced the market value of said lot;

3) In the amount of $11,250.

Defendant moved for instructed verdict, and judgment non obstante verdicto, but the trial court entered judgment on the verdict, impressing the property with a lien and equitable charge in favor of the community estate of J. C. Royal and Jewel Royal, in the amount of $11,250., and decreed that plaintiff, J. C. Royal have an equitable charge and lien in the sum of $5,625. (his ½ interest in the community).

Defendants appeal on 8 points contending:

1) The trial court erred in overruling defendant's motions for directed verdict, and judgment non obstante veredicto.

2) The trial court erred in rendering judgment for plaintiff, as the evidence shows conclusively, plaintiff had given Jewel Royal whatever claim he had in the property for improvements thereon.

3) The issues submitted and answered by the jury are insufficient to form a basis for judgment in the case.

4) The trial court erred in not submitting any issue requiring the jury to find the funds used in improving the lot, were not a gift of community funds to Jewel Royal.

The evidence conclusively shows, and the jury found, that J. C. Royal built a house on Jewel Royal's lot, entirely with community funds. The evidence shows and the jury found, that the building of the house on the lot enhanced the market value of the lot by $11,250.

Where community funds are used to improve the separate property of a spouse, the other spouse is entitled to reimbursement to the extent of his or her share of the community funds so used, and the claim for such reimbursement is in the nature of a charge upon the property so improved. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620. The amount of reimbursement is not determined by the cost of the improvements, but by the enhancement in value of the estate improved by virtue of the improvements made by the other estate. Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777.

J. C. Royal testified he did not intend to give away the community right of reimbursement to his wife Jewel Royal, and the record reflects he had executed a will devising his interest in the property. If defendants relied on a gift of the property from J. C. Royal to Jewel Royal, it was incumbent upon them to request such issue, and failing to do so the matter is deemed waived. See Rule 279 Texas Rules of Civil Procedure.

All of defendants' points and contentions have been considered and are overruled.

The judgment is correct. Affirmed.