**Robert Frank HALE, Jr., Appellant,**

v.

**Judy DeSanders HALE, Appellee.**

**No. 8514.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 1, 1977.

Dennis L. White, Edith L. James, Dallas, for appellant.

Larry F. Amerine, Rick W. Hightower, Biggers, Lloyd, Biggers, Beasley & Amerine, Dallas, for appellee.

ODEN, Justice.

The appellant, Robert Frank Hale, Jr., has perfected this appeal from the judgment entered in a divorce case. Appellee, Judy DeSanders Hale, does not complain of any ruling or action of the trial court.

The parties were married October 28, 1974. Appellee's father died in February, 1975, and in November of that year she purchased a residence in Dallas County, Texas, with a portion of her inheritance. The residence was extensively improved during coverture with a resultant substantial enhancement in value. Appellant con-

cedes that the residence was purchased and improved with appellee's separate funds; however, he contends that the value of the residence was substantially enhanced by his labor, talents, contacts, influence and industry, and that appellee's separate estate should reimburse their community estate for the amount of the enhanced value attributable to his efforts. Appellant testified that he had expertise and experience in construction and construction related fields; he made $7.21 per hour as an employee for a construction and construction related firm; he was absent 320 hours from his job while assisting appellee in the remodeling of the residence; he expended a total of 350 hours on the remodeling project; a substantial saving was realized on the total cost of the remodeling due to his efforts, talents, and construction business contacts; and no community funds were used in purchasing or improving the residence. Appellee testified, in effect, that the value of the residence was not enhanced as a result of appellant's endeavors. The court, sitting without a jury, ordered that appellant should recover $1,120.00 from appellee. The record does not reflect the basis for this award, but in any event appellee did not file a cross-appeal.

■ The issue to be decided on appeal is whether or not a spouse who contributes community labor, talents, and industry to enhance the value of the other spouse's separate estate should be reimbursed for his community share of the enhanced value even though no community funds were used in payment of the costs of the improvements. We think not. In *Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620 (1935), it was held that:

> ". . . where a spouse improves his or her separate property with the funds belonging to the community estate, the other spouse, or his or her heirs, would be entitled to reimbursement out of his or her separate property, to the extent of their share of the community funds so used, and that their claim for such reim-

bursement is in the nature of a charge upon the property so improved."

This proposition of law has become one well recognized by later decisions. See *Lindsay v. Clayman*, 151 Tex. 593, 254 S.W.2d 777 (1952), and *Burton v. Bell*, 380 S.W.2d 561 (Tex.1964). Appellant concedes that no community funds were used in improving appellee's separate property. Since no community funds were used in improving appellee's separate estate, the community estate of the parties is not entitled to any reimbursement.

■ In cases where the community estate is entitled to be reimbursed for community funds used to improve one spouse's separate estate, the amount of recovery is limited to the amount of enhancement of the property at the time of partition by virtue of the improvements placed thereon. *Dakan v. Dakan*, supra. The claim against a separate estate for reimbursement to the community estate of the parties is the lesser of the community funds expended in improving the separate estate or the amount of the enhancement of the property at the time of partition by virtue of the improvements placed thereon. The value of community labors is taken into account in ascertaining the amount of the enhancement of the property but is not considered a cost of improvement. Since no community funds were used in improving appellee's separate estate, the amount of enhancement to her separate estate resulting from appellant's community labor is immaterial.

Appellant cites *Norris v. Vaughn*, 278 S.W.2d 582 (Tex.Civ.App. Amarillo 1955, no writ), as authority for his contention that appellee's separate estate should reimburse their community estate for the value of his community efforts expended in improving appellee's separate property. This case is readily distinguishable in that the reasonable compensation awarded appellee therein was for services performed after the community estate had been dissolved by death. The relief awarded was in favor of one co-tenant against another co-tenant and not

based upon any rule of law relating to the relationship of husband and wife.

The trial court would not permit appellant to give his opinion of the amount appellee's separate property was enhanced by reason of his community labors. As stated, the evidence would be immaterial. In any event, the $1,120.00 awarded appellant by the trial court was $1,120.00 more than the community funds ($0.00) expended in improving appellee's separate estate and no harm has resulted to appellant by reason of the testimony being excluded. *Girard v. Girard*, 521 S.W.2d 714 (Tex.Civ.App. Houston–1st Dist. 1975 no writ).

The decision of the trial court will be affirmed.