In the Matter of the MARRIAGE OF Olivia Susan HIGLEY and William Edward Higley.

No. 8940.

Court of Civil Appeals of Texas, Amarillo.

Dec. 29, 1978.

Rehearing Denied Jan. 15, 1979.

Lovell, Lyle, Renfer, Minkley & Moore, P. C., Kyle R. Lewis, Dumas, for appellant.

Sheehan & Dubuque, Inc., Steven M. Smoot, Dumas, for appellee.

DODSON, Justice.

This is an appeal from a decree of the trial court granting William Edward Higley and Olivia Susan Higley a divorce and dividing their respective estates. Appellant Susan Higley challenges only the property division. Four points of error are assigned, each alleging that the trial court abused its discretion: (1) by refusing to grant appellant's motions for continuance to allow discovery of evidence bearing on the property division; (2) by unfairly dividing the estates; (3) by charging appellant's interest in the growing crops and feeder pigs with a lien for production expenses; and (4) by crediting the temporary support payments against the final property settlement. Finding no abuse of discretion from our review of the entire record, we affirm the decree of the trial court.

The circumstances of the action are set forth in the unchallenged findings of facts, which are enumerated as follows:

1. Petitioner, William Edward Higley, was married to Respondent, Olivia Susan Higley, on July 30, 1976.

2. No children were born as issue of this marriage, and Respondent was not pregnant on August 31, 1977.

3. The evidence was sufficient to grant a divorce to Petitioner from Respondent, and said divorce was granted after a hearing on August 31, 1977.

4. Petitioner and Respondent were married from July 30, 1976 to August 31, 1977.

5. Petitioner, prior to entering the marriage, owned twenty-four and one-half percent (24½%) interest in a farming and livestock partnership with his father, who owned fifty-one percent (51%), and his brother, who owned twenty-four and one-half percent (24½%).

6. Petitioner's interest in the partnership consisted of part ownership of farm leases, farm equipment, machinery, hog barns, growing crops, and hogs.

7. Petitioner engaged in the partnership business throughout his marriage to Respondent.

8. Petitioner's share of the profits and surplus of Higley Farms, a partnership, for the period July 31, 1976 to August 31, 1977 is a net deficit.

9. During the marriage of Petitioner and Respondent, Petitioner and Respondent spent $13,675.67 in excess of their joint income for the period of their marriage, July 31, 1976 to August 31, 1977.

10. The joint community indebtedness of the parties as of August 31 is $13,-675.67, which is unpaid.

11. There is no competent evidence of the value of the growing partnership crops as of August 31, 1977. There is no competent evidence of any enhancement and value of the real estate of Higley Farms.

12. As of August 31, 1977 the partnership has live hogs not yet ready for market which were born during the existence of the marriage of Petitioner and Respondent.

13. The breeding stock of hogs on hand as of August 31, 1977 is the separate property of Petitioner and the partnership.

14. Respondent does not have any interest in the Petitioner's interest in the Higley Farms partnership.

15. Although no competent evidence was presented as to present monetary value of growing crops and live growing hogs; Respondent established a community interest in same.

The trial court determined, divided and set aside the properties of the parties as follows:

a. Petitioner is awarded all community property in his possession.

b. Respondent is awarded all community property in her possession.

c. The Court finds that the 1975 Buick automobile is the separate property of Petitioner and it is set aside as his separate property to him, subject to the indebtedness on such automobile.

d. The Court further finds that Petitioner's 24½ per cent interest in Higley Farms, a Partnership composed of Claude Higley, Tom Higley and William Edward Higley, is the separate property of Petitioner and such 24½ per cent interest in Highley (sic) Farms, a Partnership, is set aside to Petitioner as his separate property, subject only to the specific property set aside to Respondent, below, from the separate property of Petitioner and Higley Farms.

e. The Court finds with regard to Respondent's interest in the separate property interest of Petitioner in Higley Farms, the following:

1. Respondent is entitled to reimbursement of 12¼ per cent of the funds expended on construction of the hog barns for Higley Farms during the marriage of the parties. This 12¼ per cent interest is impressed with a lien of 12¼ per cent of the indebtedness borrowed to errect (sic) the barns.

2. Respondent is entitled to 12¼ per cent of the net income from growing crops of Higley Farms upon harvest. A lien of 12¼ per cent for all costs of production, including harvest, is impressed upon Respondent's 12¼ per cent of such growing crops.

3. Respondent is entitled to 12¼ per cent of the net income from the inventory of feeder pigs (not breeding stock) as of August 31, 1977, as and when such pigs have a market weight

from 200 to 225 pounds. A lien for 12¼ per cent for the cost of production of such pigs is impressed upon the Respondent's share.

■ Our analysis of Mrs. Higley's points of error concerning the division of the estate is governed by the following recognized principles of law. Section 3.63 of the Texas Family Code provides that:

In a decree of divorce . . . the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party . . . .

This provision grants the trial court wide discretion in making the property division, and this discretion will not be disturbed on appeal unless it has been clearly abused, *Bell v. Bell,* 513 S.W.2d 20 (Tex.1974), and the property division is manifestly unjust and unfair. *Bell v. Bell,* 540 S.W.2d 432 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). Furthermore, it is presumed that the trial court exercises proper discretion in making the division of the estates. *Dickson v. Dickson,* 544 S.W.2d 200 (Tex.Civ.App.— Austin 1976, writ ref'd n. r. e.).

Mrs. Higley maintains that the trial court abused its discretion by unfairly dividing the estates of the parties because the undisputed evidence shows she is entitled to reimbursement for community funds used to benefit Mr. Higley's separate estate. The evidence shows that the partnership expended $219,005.21 on its notes payable during the period of the parties' marriage as follows:

| DATE | PAID TO | AMOUNT |
|---|---|---|
| 10/20/76 | First State Bank, Dumas | $ 81,412.28 |
| 1/ 4/77 | First State Bank, Dumas | $ 50,561.40 |
| 7/ 1/77 | First State Bank, Dumas | $ 61,185.03 |
| 11/29/76 | John Deere | $ 4,137.30 |
| 12/15/76 | John Deere | $ 9,814.80 |
| 1/ 1/77 | John Deere | $ 10,400.61 |
| 7/ 1/77 | John Deere | $ 1,493.78 |
| | TOTAL | $219,005.21 |

■ Mrs. Higley specifically asserts that Mr. Higley owned a 24½ percent interest in the partnership, that his share of the note payments was $53,656.28 and that she is therefore entitled "to her community share of $26,828.14 as reimbursement." This contention is grounded on the erroneous assertion that gross income receipts in the partnership, during the period of marriage, used to pay partnership indebtedness automatically becomes the community funds of Mr. Higley and Mrs. Higley to the extent of Mr. Higley's interest in the partnership, notwithstanding other partnership liabilities incurred or discharged during the period of marriage.

Section 26 of article 6132b [1] provides that "a partner's interest in the partnership is his share of the profits and surplus." It is undisputed that Mr. Higley owned the 24½ percent interest in the partnership prior to marriage. The trial court found that Mr. Higley's "share of the profits and surplus of Higley Farms, a partnership for the period July 31, 1976 to August 31 is a net deficit." Although this finding is unchallenged, it is amply supported by the evidence in the record.

■ It is undisputed also that the indebtedness payments were made by the partnership from its bank accounts in the regular course of business and that Mr. Higley owned a minority interest in the partnership. Mrs. Higley also does not contend that Mr. Higley made any payment on the above enumerated indebtedness from moneys paid to him individually as his share of any profits or surplus from the partnership during the period of marriage. She likewise does not say that the indebtedness was paid by the partnership from any profits or surplus accumulated by the partnership during the period of marriage. The evidence also shows there was no accumulated profits or surplus in the partnership. Under these facts, we are persuaded that the trial court did not abuse its discretion.

---

1. Tex.Rev.Civ.Stat.Ann. art. 6132b § 26 (Vernon 1970).

**436**

Mrs. Higley also asserts that the district court abused its discretion in the property division by charging her interest in the growing crops and feeder pigs with a lien for all expenses of production when there was no evidence introduced to show the amount of expenses. We do not agree. The principle business activities of the partnership was producing agricultural crops and hogs. The record is replete with evidence of accounts payable and expenses of the partnership incurred for the 1977 crop year and in the production of the feeder pigs.

Mrs. Higley further maintains in her brief in connection with this point the judgment is indefinite because it fails to specify "what the costs of production were." The trial court granted Mrs. Higley 12¼ percent of the net income from growing crops of the Higley Farms upon harvest and impressed a lien for 12¼ percent of all costs of production including harvesting on such interest. The trial court also granted Mrs. Higley 12¼ percent of the net income from the inventory of feeder pigs (not breeding stock) as of August 31, 1977, as and when such pigs have a market weight from 200 to 225 pounds. The court also impressed a lien for 12¼ percent interest for the cost of production of feeder pigs.

■ The 12¼ percent net income interests are capable of ascertainment from the partnership books and records under standard accounting practices and procedures. Mrs. Higley takes these interests in the legal posture of an assignee or purchaser of such interest from Mr. Higley with corresponding rights and privileges as prescribed by law. Tex.Rev.Civ.Stat.Ann. art. 6132b § 28–B(1)(A) (Vernon 1970). The court has authority to issue other and further orders necessary to enforce its judgment. *See Bush v. Bush,* 265 S.W.2d 676, 679 (Tex.Civ. App.—El Paso 1954, writ dism'd). The court also has authority to impress Mrs. Higley's interest with liens to secure payment for the costs of production. *See Bell v. Bell,* 540 S.W.2d 432 (Tex.Civ.App.— Houston [1st Dist.] 1976, no writ). Under these circumstances we conclude that the

court did not abuse its discretion in impressing a lien for the cost of production with regard to the growing crops and feeder pigs.

■ Mrs. Higley next contends that the trial court abused its discretion by ordering that the temporary support payments of $100 per month, made by Mr. Higley during the pendency of this appeal, be credited against the final amount due Mrs. Higley under the decree. We note that the order granting the temporary support further provided:

[I]f the total payments made under this order should exceed the amount found to be due Respondent [Mrs. Higley] under the Decree of October 11, 1977, then such excess payments will be retained by Respondent as temporary alimony pending appeal of the Divorce Decree dated October 11, 1977.

This provision protects Mrs. Higley's community estate from being taxed with a special charge. Under these circumstances and in light of the property division, we cannot conclude that this order is manifestly unjust or unfair. *See Farrow v. Farrow,* 238 S.W.2d 255 (Tex.Civ.App.—Austin 1951, no writ).

Mrs. Higley's final point of error complains of the trial court's refusal to grant further continuances in the case. The facts relevant to our disposition follow.

Mr. Higley filed for a divorce on May 26, 1977. A temporary support hearing was held on July 11, 1977, resulting in an order directing Mr. Higley to pay Mrs. Higley $650 a month. Trial was set for August 22, 1977.

On August 17, 1977, Mrs. Higley filed her notice of intention to take the oral deposition of Mr. Higley on September 10, 1977. On the same day Mrs. Higley filed her motion for a continuance. A hearing on this motion was held on August 19, 1977, at which time arguments of counsel were entertained. The trial court granted a continuance until August 29, 1977.

Mrs. Higley filed her second motion for a continuance on August 26, 1977. A hearing

on this motion was conducted on August 29, 1977, after which the trial court denied the motion. Mrs. Higley maintains that the denial of this, and subsequent, motions for continuance constituted an abuse of discretion because of the complicated nature of the case.

■ Rule 251 of the Texas Rules of Civil Procedure provides, in part, that a continuance shall not be granted except for sufficient cause supported by affidavit. The ground for Mrs. Higley's motions for continuance was to secure the testimony of Mr. Higley. Rule 252 states, with regard to an application for continuance, that:

> If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done . . . .

Tex.R.Civ.P. 252. The granting or refusal of a motion for continuance lies in the sound discretion of the trial court. *Hernandez v. Heldenfels,* 374 S.W.2d 196, 202 (Tex. 1963). Absent an abuse of discretion, the trial court's determination will not be reversed on appeal.

■ In the case at bar, the trial judge stated that he did not believe counsel for Mrs. Higley had acted diligently in seeking to depose Mr. Higley. Mr. Higley testified, and was cross examined extensively about his financial affairs, at the hearing for temporary support held on July 11, 1977, and he subsequently testified at the trial. There is nothing in the record which indicates that he was unavailable for deposition during the approximately two months following the filing of the suit and preceding the trial date. The notice of intent to take Mr. Higley's oral deposition was not given until August 17, 1977, just five days prior to the date of trial. In light of these facts, we cannot say the trial court clearly abused its discretion.

In summary, we conclude from our review of the entire record in this cause that the trial court did not abuse its discretion. Therefore, Mrs. Higley's points of error are overruled. Accordingly, the judgment of the trial court is affirmed.