Terri L. ANDERSON, Petitioner,

v.

Cleo GILLILAND, Respondent.

No. C–3475.

Supreme Court of Texas.

Jan. 16, 1985.

Rehearing Denied Feb. 27, 1985.

McCorkle & Westerburg, Tom S. McCorkle, Dallas, for petitioner.

Carl Luna, Garland, for respondent.

WALLACE, Justice.

This will probate suit presents the sole issue of what constitutes the measure of reimbursement.

Terri L. Anderson is the surviving daughter and devisee under the will of Lawrence Gilliland, deceased. Cleo Gilliland is the widow of Lawrence Gilliland and executrix of his estate.

At the date of the Gilliland's marriage, Mrs. Gilliland owned certain real property. During the marriage the community expended $20,237.89 to build a home on the property. At the time of Mr. Gilliland's death, this home had enhanced the separate property of Mrs. Gilliland by the sum of $54,000.00.

At trial Mrs. Anderson sought to have Mrs. Gilliland include one-half of the reimbursement due the community in the inventory of the estate of Lawrence Gilliland,

because of the improvements the community made to the separate estate of Mrs. Gilliland. The trial court held that the proper measure of reimbursement was the enhanced value of Mrs. Gilliland's separate property. It ordered Mrs. Gilliland to include in the inventory an amount equal to one-half of the enhancement resulting from the improvements.

The trial court also found that approximately one-third of the expenditures for the home was from Mrs. Gilliland's separate funds. The court of appeals found that Mrs. Gilliland had not properly traced any separate funds into the home. 677 S.W.2d 105, appealing after remand 624 S.W.2d 243. Mrs. Gilliland did not appeal that finding.

The court of appeals further held that the proper measure of reimbursement to an estate which has expended funds to erect improvements on another estate is the enhancement of value to the receiving estate or the cost of the improvements, whichever is less. The court of appeals rendered judgment finding the amount of reimbursement due the community was one-half of the $20,237.89 expended, less one-half of the outstanding mortgage of $10,154.00. The community monies expended in building the home were proceeds from the mortgage. We affirm the judgment of the court of appeals in part and reverse and render in part.

The various courts of appeals of Texas are not in agreement on the issue presented here. The Dallas Court of Appeals in this case acknowledged that its decision was contrary to that of the Fort Worth Court of Appeals in *Cook v. Cook*, 665 S.W.2d 161, (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.). *Cook* follows *Harris v. Royal*, 446 S.W.2d 351 (Tex.Civ.App.— Waco 1969, writ ref'd n.r.e.). Both *Cook* and *Royal* held that enhancement alone, regardless of cost, is a proper measure of reimbursement in cases such as this.

Another view held by several courts is that the proper measure of reimbursement is enhancement or cost, whichever is less. *Hale v. Hale*, 557 S.W.2d 614, 615 (Tex.Civ.

App.—Texarkana 1977, no writ); *Trevino v. Trevino*, 555 S.W.2d 792 (Tex.Civ.App.— Corpus Christi 1977, no writ); *Girard v. Girard*, 521 S.W.2d 714 (Tex.Civ.App.— Houston [1st Dist.] 1975, no writ).

A third measure of reimbursement set forth by another court is cost, regardless of enhancement. *In Re Higley*, 575 S.W.2d 432, 434 (Tex.Civ.App.—Amarillo 1978, no writ).

The confusion among the courts of appeals is due in great part to imprecise language by this court commencing with the decision of *Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620 (1935). In consecutive paragraphs *Dakan* held:

> ... Hence results the rule that the community estate must be reimbursed for *the cost of the buildings* erected by joint labors or funds upon the separate property of one of the spouses.... *Furrh v. Winston*, 66 Tex. 521, 524, 1 S.W. 527, 529 (1886) (emphasis added),

and

> ... in case of reimbursement for improvements, the amount of recovery is limited to the amount of enhancement of the property at the time of partition by virtue of the improvements placed thereon. *Clift v. Clift*, supra, [72 Tex. 144, 149, 10 S.W. 338 (1888).]

This court has stated in several cases that the proper measure of reimbursement is the enhanced value of the benefited estate resulting from the improvements. However, most of those statements have been dicta.

In *Lindsay v. Clayman*, 151 Tex. 593, 254 S.W.2d 777, 781 (1952), we stated:

> The amount of reimbursement is not determined by the cost of improvements made, but by the enhancement in value of the estate improved by virtue of the improvements made by the other estate.

In *Lindsay*, no reimbursement was allowed because there were no pleadings or evidence of enhancement in value.

In *Sharp v. Stacy*, 535 S.W.2d 345, 351 (Tex.1976), we stated:

The principle is well established in equity that a person who in good faith makes improvements upon property owned by another is entitled to compensation therefor. The measure of compensation to the claimant is not the original cost of the improvements, but the enhancement in value of the land by reason of the improvement.

The claimant in *Sharp* failed to secure a finding on the enhancement in value of the property by virtue of the improvements and, therefore, was also precluded from recovery.

█ The right of an estate to reimbursement from another estate is an equitable right and should be determined by equitable principles. *Dakan*, 83 S.W.2d at 627, *supra*. Therefore, it is incumbent upon the courts to insure that a benefited estate is not required to pay more in reimbursement than the amount in which it was benefited by the other estate. Likewise, it is necessary to ascertain that the benefited estate pays no less than it has been benefited.

The "cost only" rule, if followed, would provide an easy-to-apply measure since it would not require proof of enhancement. However, such a rule would, in many instances, permit the owner of the benefited estate to be enriched at the expense of the contributing estate. This is true because the estate which contributes the capital necessary to construct the improvements would not share in the increase in value resulting from the investment. The "enhancement or cost, whichever is less" rule, however, would permit the benefited estate the maximum recovery at the expense of the contributing estate in all situations. This does not comport with equity.

█ We hold that a claim for reimbursement for funds expended by an estate for improvements to another estate is to be measured by the enhancement in value to the benefited estate. This rule is more likely to insure equitable treatment of both the contributing and benefited estates in most situations.

█ The judgment of the court of appeals is affirmed insofar as it holds that Mrs. Gilliland did not properly trace any separate funds to the improvements to her separate property. The judgment is reversed insofar as it holds that reimbursement is measured by the cost or enhancement, whichever is less. We render judgment for Terri L. Anderson and require Cleo Gilliland to include the sum of $21,923.00, representing one-half of the $54,000.00 enhancement to her separate property, less one-half of the outstanding mortgage on the property, in the inventory of the estate of Lawrence Gilliland.