**Gary Warren COOK, Appellant,**

v.

**Janet Lynn COOK, Appellee.**

**No. 2–85–009–CV.**

Court of Appeals of Texas,
Fort Worth.

July 24, 1985.

Burleson, Pate & Gibson, Jack C. Pate, Dallas, for appellant.

Philips and Hopkins, P.C., Robert N. Eames, Denton, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

OPINION

BURDOCK, Justice.

This is an appeal from a division of property pursuant to a decree of divorce. Appellant, Gary Warren Cook, complains of the trial court's use of enhancement value as the measure of reimbursement to the community estate for funds advanced to improve his separate property.

We affirm.

The parties were married in 1973 and divorce proceedings were instituted in 1981. It was stipulated that prior to the marriage, appellant purchased a rental property referred to as The Cambridge House and an unimproved lot on Montecito Road in Denton, Texas. These properties were awarded to appellant in the divorce decree as his separate property subject to appellee's right of possession of the Montecito residence until the youngest of the children reaches eighteen or until she abandons the property.

It was further stipulated that after the marriage, community funds were used to construct a home on the Montecito lot and to pay for improvements to The Cambridge House. The trial court originally used enhancement value as the measure of reimbursement and awarded the enhancement in property value attributable to the im-

provements to the community as reimbursement. The case was then appealed to this court which reversed and remanded the case for a proper calculation of reimbursement taking into account the amount of community funds expended to reduce the purchase money indebtedness on the Montecito property and whether the amount paid was greater than the benefit received by the community from the use of the property. *Cook v. Cook,* 665 S.W.2d 161, 164 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.). That issue is not before this court on this appeal.

On remand, the trial court found that the reimbursement due the community estate for improvements to the Montecito property was $255,000 and reimbursement attributable to The Cambridge House was $99,500. The trial court used enhancement value as the measure of reimbursement.

On appeal now, appellant contends in his first point of error that the trial court erred in using enhancement value as the measure of reimbursement due the community estate for community funds expended for improvements to The Cambridge House and the Montecito property. In point of error two, he argues that the trial court abused its discretion in dividing the community estate due to the error in the measure of reimbursement used.

We find that the recent decision of the Texas Supreme Court in *Anderson v. Gilliland,* 684 S.W.2d 673 (1985), is controlling and dispositive of this issue. In *Anderson,* the Court recognized the fact that there has been a great deal of confusion among the courts of appeals as to the proper measure of reimbursement to be used. *Id.* at 674. One view was that enhancement alone, regardless of cost, should be the measure of reimbursement. *See Cook,* 665 S.W.2d at 166; *Harris v. Royal,* 446 S.W.2d 351, 352 (Tex.Civ.App.—Waco 1969, writ ref'd n.r.e.). Other courts determined that the proper measure of reimbursement should be the lesser of cost or enhancement value. *See Hale v. Hale,* 557 S.W.2d 614, 615 (Tex.Civ.App.—Texarkana 1977, no writ); *Trevino v. Trevino,* 555 S.W.2d 792,

798 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Girard v. Girard,* 521 S.W.2d 714, 717 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). Still another viewpoint was that cost alone should be used in measuring reimbursement. *See Marriage of Higley,* 575 S.W.2d 432, 434 (Tex.Civ.App.—Amarillo 1978, no writ).

The *Anderson* court reconciled this inconsistency by espousing the following rule in an attempt to comport with equity:

We hold that a claim for reimbursement for funds expended by an estate for improvements to another estate is to be measured by the enhancement in value to the benefited estate. This rule is more likely to insure equitable treatment of both the contributing and benefited estates in most situations.

*Anderson,* 684 S.W.2d at 675.

Appellant distinguishes *Anderson* on the basis that it concerned a will probate suit involving co-tenants and, therefore, cannot be construed as holding that enhancement value is the *only* measure of reimbursement or that it is applicable to a marital property situation. We must disagree with appellant's argument. Although *Anderson* does involve the probate of a will, rather than a division of community property, the Supreme Court has relied on numerous community property cases, including the first appeal of this case in 1983, in reaching its conclusion that enhancement value is the proper measure of reimbursement. *Id.* at 675. The reasoning of the Court is applicable to the marital property situation and we can find no language in *Anderson* limiting the Court's holding to co-tenants or probate suits.

Pursuant to the authority of *Anderson,* we hold, therefore, that the trial court properly used enhancement value as the measure of reimbursement for the community estate for monies expended to improve appellant's separate property. Furthermore, we have reviewed the record and conclude that the trial court, using the enhancement value of the properties in question, did not abuse its discretion in dividing

the property of the parties. Points of error one and two are overruled.

The judgment is affirmed.