COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-078-CV
 
 
MARCIA 
ANN HAMLIN                                                           APPELLANT
 
V.
  
GARY 
LEE FEATHERSTON                                                         APPELLEE
 
 
------------
 
FROM 
THE 324TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
a single point, appellant Marcia Ann Hamlin challenges the trial court’s 
division of property upon her divorce from appellee Gary Lee Featherston. 
Because we hold that the trial court mischaracterized some of Marcia’s 
separate property as community property and that this mischaracterization caused 
the trial court to abuse its discretion in dividing the community estate, we 
will affirm the parties’ divorce but reverse and remand for a new trial on the 
division of the community estate based on a correct characterization of the 
parties’ property.
I. BACKGROUND
        After 
five years of marriage, Marcia sued to divorce Gary on October 10, 1997. Gary 
subsequently filed his own counter-petition for divorce. During their marriage, 
the couple lived in a house that Marcia purchased in 1992, before the couple 
married. In 2001, while the divorce proceedings were pending, Marcia sold the 
house; the net proceeds, $48,519, were deposited in her attorney’s trust 
account. Around $20,000 was withdrawn from that account during the pendency of 
the case for attorney’s fees and distributed equally to each party’s 
attorney.
        After 
a bench trial, the trial court granted the divorce and entered a final divorce 
decree dividing the marital estate on December 24, 2002. Included in the 
decree’s division of property was the trial court’s award of half the 
remaining funds in the trust account to Gary and the other half to Marcia. 
Marcia now appeals, contending that because the proceeds from the sale of the 
house were her separate property, the trial court abused its discretion in 
awarding half of the proceeds to Gary. After we abated this appeal and directed 
the trial court to enter findings of fact and conclusions of law stating (1) the 
characterization of each party’s assets, liabilities, claims, and offsets on 
which disputed evidence had been presented and (2) the value of the community 
estate’s assets, liabilities, claims, and offsets on which disputed evidence 
had been presented, the trial court entered its findings of fact and conclusions 
of law on May 17, 2004.
II. REIMBURSEMENT
        The 
trial court’s findings of fact and conclusions of law clearly state that 
Marcia owned the home at issue before the marriage of the parties and that the 
net proceeds from the sale of the home belong to Marcia’s separate estate. 
However, the trial court effectively treated the entire amount of Marcia’s 
home sale proceeds, $48,519, as community property by awarding half to each 
party. Gary contends that the trial court’s division of the home sale proceeds 
was proper because the community estate was entitled to reimbursement for funds 
spent on Marcia’s separate property. The trial court found that Marcia owed 
the community estate reimbursement as follows:
   
26. The community estate is entitled to reimbursement of $1,200.00 for community 
funds expended for the construction of the aviary at 808 Park Hill, Euless, 
Texas.
 
27. 
The community estate is entitled to reimbursement of $8,750.00 for additional 
improvements made to the property at 808 Park Hill, Euless, Texas, the separate 
estate of MARCIA ANN HAMLIN.
 
28. 
Before the marriage of the parties, MARCIA ANN HAMLIN owned a condominium in 
Tennessee.
 
29. 
The community estate contributed monthly payments of $750.00 per month for the 
monthly payments on the Tennessee condominium, MARCIA ANN HAMLIN’S separate 
property.
 
30. 
The community estate is entitled to reimbursement of $48,000.00 for monthly 
payments made on the separate property Tennessee condominium of MARCIA ANN 
HAMLIN.
 
31. 
The community estate contributed $6,000.00 to the separate estate of MARCIA ANN 
HAMLIN when the Tennessee condominium was sold.
  
Thus, 
the trial court determined that the community estate was entitled to 
reimbursement on a dollar-for-dollar basis.
        However, 
when funds from one marital estate are used to make payments on or capital 
improvements to the property of another marital estate, the proper measure of 
reimbursement is the enhancement in value of the receiving estate. Penick v. 
Penick, 783 S.W.2d 194, 197 (Tex. 1988); Anderson v. Gilliland, 684 
S.W.2d 673, 675 (Tex. 1985). This enhancement is the difference between the fair 
market value of the separate property before any community funds are spent and 
the fair market value after the payments or improvements are made during the 
marriage; it is not the actual cost. See Anderson, 684 S.W.2d at 675. The 
party claiming reimbursement bears the burden of establishing the net benefit to 
the payee estate. Vallone v. Vallone, 644 S.W.2d 455, 459 (Tex. 1982); Zeptner 
v. Zeptner, 111 S.W.3d 727, 737 (Tex. App.—Fort Worth 2003, no pet.) (op. 
on reh’g). Accordingly, because the trial court awarded reimbursement of the 
actual amount of community dollars expended on Marcia’s separate properties 
instead of the enhancement in value of the properties, and because Gary produced 
no evidence that the community funds expended enhanced the value of Marcia’s 
properties, we agree with Marcia’s contention that Gary was not entitled to 
recover on his reimbursement claim.
III. ECONOMIC CONTRIBUTION
        Gary 
further contends that the division of Marcia’s home sale proceeds was proper 
because the community estate is entitled to economic contribution from 
Marcia’s separate estate. A claim of economic contribution allows a marital 
estate that has contributed to the reduction of the principal amount of a debt 
secured by a lien on property owned by another marital estate to recover from 
the benefited estate in accordance with a formula set forth in the family code. See 
Tex. Fam. Code Ann. §§ 
3.402-.403 (Vernon Supp. 2004-05). The trial court entered the following 
findings of fact regarding mortgage payments made on Marcia’s home:
   
23. Before the marriage of the parties, MARCIA ANN HAMLIN owned the property 
located at 808 Park Hill, Euless, Texas.
 
24. 
During the marriage, all payments made on the property at 808 Park Hill, Euless, 
Texas, MARCIA ANN HAMLIN’S separate property, were made with community funds.
 
25. 
The payments made by the community estate on the 808 Park Hill mortgage, the 
separate estate of MARCIA ANN HAMLIN, reduced the principal on the mortgage by 
$3,743.00.
 
. 
. . .
 
40. 
The community estate is entitled to economic contributions of $23,167.00 from 
the separate estate of MARCIA HAMLIN.
 
 
Marcia 
argues that the trial court abused its discretion in awarding part of the home 
sale proceeds to Gary because he neither pleaded nor proved a claim of economic 
contribution.
        A.     Pleading 
the Economic Contribution Claim
        In 
his First Amended Counter-Petition for Divorce, Gary asserted the following 
claims against Marcia’s separate estate:
   

11.Reimbursement
  
Counter-petitioner 
[Gary] requests the Court to reimburse the community estate for funds or assets 
expended by the community estate to benefit or enhance Counter-Respondent’s 
[Marcia’s] separate estate. The community estate has not been adequately 
compensated for or benefited from the expenditure of those funds or assets, and 
a failure by the Court to allow reimbursement to the community estate will 
result in an unjust enrichment of Counter-Respondent’s separate estate at the 
expense of the community estate.
 
12.Equitable Interest
 
Counter-Petitioner 
requests the Court to award to the community estate an equitable interest equal 
to the net amount of the enhancement in value of Counter-Respondent’s separate 
property due to the financial contribution expended by the community estate to 
benefit or enhance that separate estate.
 
 
Despite 
these requests, Marcia contends that Gary “never asked the trial court to 
grant equitable relief to secure a claim for economic contribution under Texas 
Family Code § 3.403.” We disagree.
        Texas 
follows a “fair notice” pleading standard, which looks to whether the 
opposing party can ascertain from the pleading the nature and basic issues of 
the controversy and what testimony will be relevant. See Horizon/CMS 
Healthcare Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000); see also Tex. R. Civ. P. 47 (requiring a pleading 
setting forth a claim for relief to contain a short statement of the cause of 
action sufficient to give fair notice of the claim involved). A court should 
uphold the petition as to a cause of action that may be reasonably inferred from 
what is specifically stated, even if an element of the cause of action is not 
specifically alleged. Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993).
        Chapter 
3, Subchapter E of the Texas Family Code is entitled “Equitable Interest of 
Community Estate in Enhanced Value of Separate Property” and provides two ways 
for one marital estate to recover contributions made to another marital estate: 
reimbursement and economic contribution. In two separately numbered paragraphs, 
Gary requested (1) reimbursement for expenditures made by the community estate 
to benefit Marcia’s separate estate and (2) an equitable interest representing 
the enhancement in value of Marcia’s separate property due to contributions 
made by the community estate. Applying these paragraphs to the statutory 
framework for recovery by the community estate, we conclude that Gary provided 
sufficient notice of his request for an equitable interest to secure a claim for 
economic contribution against Marcia’s separate property.[2]
        B.     Proving 
the Economic Contribution Claim
        The 
trial court found that the community estate was entitled to an economic 
contribution of $23,167 from Marcia’s separate estate. Although Marcia does 
not specifically challenge this finding on appeal, she does argue that Gary 
produced no evidence of his economic contribution claim at trial. An 
unchallenged finding of fact is not binding on this court if there is no 
evidence to support the finding. See McGalliard v. Kuhlmann, 722 S.W.2d 
694, 696 (Tex. 1986).
        In 
calculating the amount of Gary’s economic contribution claim under the 
statutory formula, the trial court judge apparently concluded that the 
contribution by Marcia’s separate estate to the equity in her 
separate-property home was $21,000.[3]  See 
Tex. Fam. Code Ann. § 
3.403(b)(2)(B)(ii). Marcia testified that she made this contribution to the home 
in the form of a $21,000 down payment when she purchased the home before she 
married Gary. However, the amount of the contribution under this subsection is 
measured by determining (1) the net equity of the home as of the date of the 
first economic contribution to the home by the community estate and (2) any 
contribution made by Marcia’s estate to the equity in the home after 
the date of the first economic contribution to the home by the community estate. 
See id. § 3.403(b-1)(2). There is no evidence in the record of the net 
equity in the home as of the date the community estate made its first payment on 
Marcia’s home; furthermore, Marcia’s $21,000 down payment was made before 
this date, not after it, as the statute requires. See id. § 
3.403(b-1)(2)(B). Accordingly, because the trial court used incorrect figures to 
calculate the amount of the community estate’s economic contribution claim, we 
conclude that there was no evidence supporting the trial court’s finding that 
the claim amounted to $23,167.
IV. DIVISION OF MARITAL ESTATE
        Marcia 
further argues that because there is no evidence to support the trial court’s 
reimbursement and economic contribution awards to the community estate, the 
trial court erred in characterizing and dividing the sale proceeds of her 
separate property in the divorce decree as part of the marital estate. Because 
we have determined that the community was not entitled to reimbursement for 
improvements made to Marcia’s house and payments made on her condominium and 
that the trial court’s economic contribution calculation is unsupported by the 
evidence, we conclude that the trial court erroneously treated Marcia’s 
separate property funds as community property.
        A 
characterization error does not require automatic reversal, however; instead, we 
reverse only if the characterization error caused the trial court to abuse its 
discretion. See Boyd v. Boyd, 131 S.W.3d 605, 617 (Tex. App.—Fort Worth 
2004, no pet.). If the mischaracterization is of such magnitude that it affects 
the just and right division of the community estate, we must remand the entire 
case to the trial court for a just and right division based upon the correct 
characterization of the property. Zeptner, 111 S.W.3d at 740. On the 
other hand, if the mischaracterization has only a de minimus effect on the trial 
court’s division of the community estate, then the trial court did not abuse 
its discretion. Id.
        The 
trial court’s divorce decree and findings of fact and conclusions of law 
reveal that the trial court awarded Gary thirty-three percent and Marcia 
sixty-seven percent of a community estate worth about $362,669.[4],[5]  When we deduct Marcia’s home sale proceeds 
erroneously treated as community property, Gary received about thirty-eight 
percent of a community estate worth $314,150.[6]  
The divorce decree indicates that the trial court intended to award Marcia 
sixty-seven percent of the community estate and that the trial court determined 
this to be a “just and right” award. However, because of the trial court’s 
characterization error, Marcia received not the “just and right” sixty-seven 
percent but something less: sixty-two percent of the community estate. Based on 
the record before us, we cannot say that the trial court’s error had only a 
minimal impact on the division. See McElwee v. McElwee, 911 S.W.2d 182, 
190 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (holding that 
characterization error was not de minimus when, because of a $45,000 
characterization error, the trial court actually awarded husband three percent 
less of the community estate than it had intended to award him in the divorce 
decree). Accordingly, we must hold that the trial court’s decree did not 
divide the community estate in a just and right manner.[7]  
See Boyd, 131 S.W.3d at 618; Zeptner, 111 S.W.3d at 741. We 
sustain Marcia’s point on appeal.[8]
        We 
do not suggest that, under the facts of this case, the trial court judge did not 
have the power to award Marcia sixty-two percent, rather than sixty-seven 
percent, of the community estate. The trial court, in its discretion, might 
decide that the division of property in the divorce decree is still a just and 
right division of the community estate even though Marcia actually received five 
percent less of the community estate than the trial court intended to award her. 
However, we may not make that determination; only the trial court has the power 
to make a just and right division of the community estate. See Tex. Fam. Code Ann. § 7.001 (Vernon 
1998); Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985) (stating that an 
appellate court may not make a new division of the parties’ estate); McKnight 
v. McKnight, 543 S.W.2d 863, 865 (Tex. 1976) (stating that appellate courts 
“do not have the authority to render judgments dividing the property of the 
spouses”).
        Therefore, 
having held that the trial court’s mischaracterization of Marcia’s separate 
property caused the trial court to abuse its discretion in dividing the 
community estate, we affirm the parties’ divorce but reverse the portion of 
the judgment dividing the parties’ estate and remand the case for a new trial 
on the division of the community estate that is based on a correct 
characterization of the property as described in this opinion.
 
  
                                                          BOB 
MCCOY
                                                          JUSTICE
 
  
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
DELIVERED: 
April 7, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Gary’s counter-petition refers to language of the pre-September 1, 2001 
version of the family code, which provided that the use of community property to 
discharge debt on a spouse’s separate property created an “equitable 
interest” of the community estate in the separate property and that this 
equitable interest was calculated with reference to the “enhanced value” of 
the separate property.  Act of May 21, 1999, 76th Leg., R.S., ch. 692, § 
2, 1999 Tex. Gen. Laws 3292, 3292-93 (amended 2001) (current version at Tex. Fam. Code Ann. § 3.401-.410 
(Vernon Supp. 2004-05)).  Gary’s counter-petition was filed November 30, 
2001, after this statute was amended with the current “economic 
contribution” language.  Even though Gary’s pleading used language from 
the prior version of the statute, his request for an equitable interest in the 
separate estate due to the “enhancement in value” caused by the 
community’s financial contribution to the separate estate was sufficient to 
give adequate and fair notice to Marcia of his intent to seek an economic 
contribution claim.  See Auld, 34 S.W.3d at 897.
3.  
As demonstrated in Gary’s brief, the $23,167 figure was calculated as follows: 
$48,519 X [19,193 ÷ (19,193 + 21,000)] = $23,167, where $48,519 is the equity 
in the home on the date of its sale; $19,193 is the reduction in principal debt, 
$8,823, plus the total dollar amount of capital improvements to the property, 
$10,370; and $21,000 is the contribution by Marcia’s estate to the equity in 
the home.  We note that, contrary to these figures, the trial court 
actually concluded in its findings of fact that the reduction in principal was 
$3,743 (not $8,823) and that the capital improvements totaled $9,950 (not 
$10,370).
4.  
The trial court’s findings of fact assign the following values to the 
parties’ community property: (1) community portion of Gary’s 401(k) - 
$92,000; (2) a bird - $150; (3) checking account in Gary’s name - $3,000; (4) 
bank account in Marcia’s name - $20,000; and (5) car in Marcia’s possession 
- $12,000.  Undisputed evidence at trial established the value of (6) the 
401(k) in Marcia’s name at approximately $48,000 and (7) the retirement 
account in Marcia’s name at $139,000; the court’s conclusions of law 
indicate that both these accounts were community property.  With Marcia’s 
$48,519 home sale proceeds, the total value of the community estate divided by 
the trial court was $362,669.
        The 
trial court awarded Gary his 401(k), checking account, the bird, and $24,259.55 
from the home sale proceeds for a total of $119,409.55, or thirty-three percent, 
of the community estate; Marcia received her bank account, car, 401(k), 
retirement account, and $24,259.56 from the home sale proceeds for a total of 
$243,259.55, or sixty-seven percent, of the community estate.
5.  
We recognize that the divorce decree also awards the parties the household and 
personal items that each had in his or her possession.  The findings of 
fact state that Marcia possessed eighty percent and Gary possessed twenty 
percent of the community’s personal possessions; however, the court does not 
assign a value to these possessions.  Because we may not make findings of 
fact, see Zeptner, 111 S.W.3d at 734, we are unable to include these in 
the valuation of the community estate.
6.  
Properly characterized, the total value of the parties’ community property is 
$314,150.  It consists of the community portion of Gary’s 401(k), the 
bird, the bank accounts, the car in Marcia’s possession, Marcia’s 401(k), 
and Marcia’s retirement account.
7.  
Gary argues that any characterization error was harmless because a portion of 
Marcia’s retirement account was community property, so the trial court could 
have awarded him a portion of that retirement account (instead of the home sale 
proceeds) to compensate him for his reimbursement claim.  However, this 
argument fails because we have determined that Gary was not entitled to recover 
on his reimbursement claim.
8.  
Marcia also argues that the trial court abused its discretion by failing to 
confirm the parties’ separate property.  Marcia cites no legal authority 
for this contention, so we will not address it.  See Tex. R. App. P. 38.1.  We note, 
however, that the trial court specifies in its conclusions of law the property 
owned by each party’s separate estate.