**Affirmed as Modified and Memorandum Opinion filed April 30, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00478-CV

---

**CRAIG ZAMIATOWSKI, Appellant**

**V.**

**PATTY ZAMIATOWSKI, Appellee**

---

**On Appeal from the 328th District Court
Fort Bend County, Texas
Trial Court Cause No. 10-DCV-179061**

---

## MEMORANDUM OPINION

Appellant, Craig Zamiatowski ("Craig"), appeals the portion of a divorce decree granting reimbursement claims asserted by appellee, Patty Zamiatowski ("Patty"), awarding Patty a monetary judgment based on the reimbursement claims, and imposing a lien against Craig's separate real property relative to that

judgment. We modify the decree to reduce the amount of the lien and affirm as modified.

## I. BACKGROUND

Before the parties' marriage, Craig purchased real property located on Whitewing Street in Richmond, Texas ("the Whitewing property"), on which he operated his business, Masterblast Sales & Service ("Masterblast"), and residential real property located on Marion Drive in Richmond ("the Marion Drive property"). During the marriage, the parties used funds in a joint account to pay for (1) construction of a warehouse on the Whitewing property, (2) taxes on the Whitewing property, and (3) homeowner's insurance on the Marion Drive property.

Craig incurred a federal income-tax debt of $42,448 before the marriage. During the marriage, he made a $22,000 payment towards the tax debt with funds withdrawn from his IRA and replenished the IRA two months later with funds from Masterblast.

The trial court conducted a bench trial on issues concerning the marital estate. On February 3, 2012, the trial court signed a divorce decree. Relevant to this appeal, the trial court included a section ordering relief on Patty's reimbursement claims as follows: (1) awarding Patty a judgment of $85,729 "in order to equalize the marital estate in this Court's just and right division of the estate;" (2) awarding reimbursement claims to the community estate for $55,675 expended to construct the warehouse on the Whitewing property, $1,386 for property taxes paid on the Whitewing property, and $4,900 for homeowner's insurance paid on the Marion Drive property; (3) awarding a reimbursement claim to Patty's separate estate for the payments of $42,448 made to retire Craig's

separate income-tax debt; and (4) requiring Craig to execute and deliver to Patty's counsel a real estate lien note in the amount of $85,729 and a deed of trust for the Whitewing property. Craig filed a motion for new trial, which was denied.

## II. ANALYSIS

Reimbursement is an equitable right that "arises when the funds or assets of one estate are used to benefit and enhance another estate without itself receiving some benefit." *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982). Reimbursement claims are governed by section 3.402 of the Texas Family Code and can arise from a variety of expenditures or contributions. *See* Tex. Fam. Code Ann. § 3.402 (West Supp. 2012). In a divorce decree, the trial court shall determine the rights of both spouses in a claim for reimbursement and apply equitable principles to (1) determine whether to recognize the claim after considering the parties' relative circumstances and (2) order a division of the claim, if appropriate, in a "just and right" manner. *Id.* § 7.007 (West Supp. 2012); *see id.* § 3.402(b). The party claiming the right of reimbursement has the burden of pleading and proving the expenditures and improvements were made and they are reimbursable. *Vallone*, 644 S.W.2d at 459. Reimbursement is not available as a matter of law but lies within the broad discretion of the trial court. *Id.*; *see Penick v. Penick*, 783 S.W.2d 194, 198 (Tex. 1988).

### A. Reimbursement to Community Estate

In his first issue, Craig contends the trial court erred by awarding reimbursement to the community estate for the funds expended to construct the warehouse on the Whitewing property (Craig's separate estate). Craig acknowledges section 3.402 permits a claim for reimbursement for capital improvements made by the community estate to a spouse's separate estate. *See*

3

Tex. Fam. Code Ann. § 3.402(a)(8). Additionally, Craig does not dispute community funds were expended to construct the warehouse. However, Craig argues Patty presented no evidence regarding the enhanced value of the property as a result of the improvement—the proper measure of reimbursement when funds have been expended by one marital estate for improvements to another marital estate. *See id.* § 3.402(d); *Anderson v. Gilliland*, 684 S.W.2d 673, 675 (Tex. 1985).

Under the abuse of discretion standard, legal sufficiency of the evidence is not an independent ground of error but is merely a relevant factor in assessing whether an abuse of discretion has occurred. *Knight v. Knight*, 301 S.W.3d 723, 728 (Tex. App.—Houston [14th Dist.] 2009, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Id.* When reviewing legal sufficiency of the evidence, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827. The evidence is legally sufficient if it would enable a reasonable and fair-minded person to reach the finding under review. *Id.*

As Craig asserts, the amount awarded for reimbursement of community funds expended to construct the warehouse was $55,675, which equaled the cost of the improvement. We agree with Craig that the cost of the improvement is not the correct measure for the reimbursement claim. *See* Tex. Fam. Code Ann. § 3.402(d); *Anderson*, 684 S.W.2d at 675. However, the trial court did not issue findings of fact and conclusions of law. Thus, there was no express finding the trial court meant for the $55,675 reimbursement award to represent the cost of the

4

improvement. Instead, we imply the trial court made all findings of fact necessary to support the judgment, and we will uphold those findings if supported by sufficient evidence. *See BMC Software Belg., N.V., v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). Accordingly, although the $55,675 award equaled the cost of the improvement, we cannot foreclose the possibility the trial court found $55,675 was also the enhanced value of the property.

Alternatively, a trial court does not abuse its discretion if it reaches the right result even for the wrong reason. *Chenault v. Banks*, 296 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2009, no pet.). As discussed below, Patty presented evidence that the enhanced value after the improvement was an amount greater than $55,675. Therefore, whether we imply the trial court found $55,675 was the enhanced value or the trial court incorrectly awarded $55,675 as the cost of the improvement, we nonetheless uphold the judgment because some probative evidence supports an enhanced value in an even greater amount.

The warehouse was constructed in June 2008. With respect to the pre-improvement value of the property, an estimated 2008 property tax statement reflects a 2007 value of $76,400. With respect to the post-improvement value, the trial court admitted into evidence Craig's sworn "Inventory and Appraisement," on which he listed the Whitewing property as "Current fair market value (as of July 7, 2010): $175,000.00." *See Aduli v. Aduli*, 368 S.W.3d 805, 820 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (recognizing sworn inventory as evidence relevant to division of marital property when offered and admitted into evidence); *Hailey v. Hailey*, 176 S.W.3d 374, 385 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (considering spouse's "trial inventory and appraisement" listing amounts expended on certain marital property and admitted into evidence as sufficient to support trial court's corresponding findings relative to those amounts).

5

In summary, the trial court heard some probative evidence of a difference in fair market value of $98,600 before and after the improvement. Accordingly, we hold the trial court did not abuse its discretion by awarding reimbursement to the community estate in the amount of $55,675. We overrule Craig's first issue.

## B.      Reimbursement to Patty's Separate Estate

In his second issue, Craig contends the trial court erred by awarding reimbursement to Patty's separate estate for payments of $42,448 made to retire Craig's separate income tax debt. Craig contends there is no evidence Patty's separate estate made such payments. As Craig asserts, Patty testified the parties withdrew funds from Craig's IRA to pay the income tax debt and then replenished the IRA with funds from the Masterblast account. In her appellate brief, Patty concedes the trial court mischaracterized this reimbursement claim as belonging to Patty's separate estate rather than the community estate. Therefore, we conclude the trial court abused its discretion by awarding this reimbursement claim to Patty's separate estate. However, relative to Craig's third issue, discussed below, we conclude the error was not reversible.

## C.      Amount of the Judgment

In his third issue, Craig challenges the amount of the judgment rendered in favor of Patty relative to the reimbursement claims. First, Craig contends the trial court erred by including any amount for Patty's just and right share of the $55,675 reimbursement claim awarded to the community estate for improvements to the Whitewing property because there was no evidence of enhanced value. Because we have rejected Craig's no-evidence point relative to the Whitewing property, we also reject his contention that the $55,675 improperly factored into the just and right division of the reimbursement claims.

6

Next, Craig argues the amount of the judgment is improper because of the trial court's error in awarding Patty's separate estate a reimbursement claim for payments made to retire Craig's separate income tax debt. Craig suggests the $85,729 judgment consists of the entire $42,448 reimbursement claim awarded, albeit incorrectly, to Patty's separate estate, plus $43,281, which the trial court determined constitutes Patty's just and right share of the total $61,961 reimbursement claim awarded to the community estate. Consequently, Craig suggests the amount of the judgment would be reduced if the trial court correctly characterized the $42,448 reimbursement claim as belonging to the community estate and then also performed a just and right division of that amount.

Patty contends the mischaracterization is not reversible error because it had no effect on the trial court's just and right division of the marital estate. *See Stavinoha v. Stavinoha*, 126 S.W.3d 604, 617 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (recognizing that, when trial court mischaracterizes community property as separate property, the error does not require reversal unless it had more than a de minimis effect on the trial court's just and right division of the property). We agree.

Although the trial court incorrectly recited that the reimbursement claim was awarded to Patty's separate estate, it is clear from the entire record that the trial court nevertheless treated the reimbursement claim as belonging to the community estate when rendering the $85,729 judgment in favor of Patty. Specifically, before signing the divorce decree, the trial court made a written property-division ruling. In that ruling, the trial court recited it was awarding Patty a judgment of $85,729 relative to the reimbursement claims; and, as Craig acknowledges on appeal, the trial court treated all reimbursement claims as belonging to the community estate and then performed a just and right division of those awards to reach the $85,729

7

judgment. The judgment for $85,729 in the divorce decree is wholly consistent with the earlier property-division ruling. Thus, the record demonstrates that, despite reciting in the decree that the $42,448 was a reimbursement award to Patty's separate estate, the trial court determined that a judgment to Patty for $85,729 represented a just and right division of all reimbursement claims as belonging to the community estate.[1]

Accordingly, the trial court did not abuse its discretion by rendering judgment of $85,729 in Patty's favor. We overrule Craig's second and third issues.

## D. Lien Against Craig's Separate Property

In his fourth issue, Craig contends the trial court erred by imposing a lien against Craig's separate property or alternatively, the amount of the lien is incorrect. Craig argues the lien was impermissibly imposed to secure a just and right division of the marital estate. Craig correctly cites *Heggen v. Pemelton*, 836 S.W.2d 145, 146–48 (Tex. 1992) for the proposition that a court may not impose a lien on a spouse's separate real property simply to ensure a just and right division of the marital estate. However, the *Heggen* court also recognized a court may impose a lien on separate real property to secure the other spouse's right of reimbursement for certain community improvements to the property. *See id.*

---

[1] Craig notes the difference between the written ruling and subsequent decree shows the court, within its plenary power, modified the earlier written ruling when signing the decree. Although the trial court modified the portion of the earlier ruling awarding the reimbursement claim to the community estate, the written ruling remains pertinent to the analysis of whether the mischaracterization in the decree is reversible error. The written ruling demonstrates there is no reason to remand for the trial court to perform a just and right division of the reimbursement claim as belonging to the community estate. The trial court has already ruled that $85,729 would constitute Patty's just and right share of all reimbursement claims when properly characterized as belonging to the community estate.

In this case, the trial court did not impose the lien to secure a just and right division of the marital estate. Instead, the trial court imposed the lien to secure the reimbursement claims awarded to the community estate against Craig's separate estate. Specifically, the order imposing a lien is included only within the section awarding the reimbursement claims. The trial court recited the lien was imposed to secure the judgment awarded to Patty relative to the reimbursement claims.

However, Patty concedes in her appellate brief that the amount of the lien is incorrect. As Craig asserts, the $85,729 lien against the Whitewing property represents reimbursement claims other than those made for payments on behalf of that property. Accordingly, we agree with Craig that the lien amount must be limited to $57,061, consistent with the reimbursement award for community improvements to the Whitewing property. We sustain, in part, Craig's fourth issue.

We modify the trial court's divorce decree to order that Craig execute and deliver to Patty's counsel a Real Estate Lien Note in the amount of $57,061, rather than $85,729, and we affirm the decree as modified.


/s/    John Donovan
        Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.